[No. E049321. Fourth Dist., Div. Two. July 30, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
FIDENCIO CARILLO ALVARADO, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts 3., 4., and 5.

COUNSEL

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Barry Carlton and Bradley A. Weinreb, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HOLLENHORST, Acting P. J.**—Defendant Fidencio Carillo Alvarado appeals from judgment entered following jury convictions for attempted lewd act on a child under 14 years old (Pen. Code, §§ 664, 288, subd. (a);[1] count 1); attempted dissuading of a witness (§ 136.1, subd. (b)(1); count 2); and misdemeanor lewd and unlawful exposure (§ 314, subd. 1; count 4). The trial court declared a mistrial as to counts 3 and 5 because the jury was unable to reach a verdict. The trial court also dismissed count 6, willful failure to appear while on bail (§ 1320.5). The court suspended imposition of sentence and placed defendant on probation for five years, subject to various terms and conditions.

Defendant contends the order requiring him to register as a sex offender violates his equal protection rights under the state and federal Constitutions. He also argues that section 4019, as amended, applies retroactively and therefore his presentence conduct credits must be recalculated under section

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

4019, as amended. Defendant further asserts that the trial court erred in imposing various fees and costs as conditions of probation. We agree that these challenged probation conditions must be modified. In all other respects, we affirm the judgment.

1. Facts

At night, about two weeks before J.M.'s 14th birthday, defendant approached J.M. as she was walking with her friend, E.M., home. Defendant drove up to J.M. and asked her if she wanted to have sex with him. When J.M. looked in defendant's truck she saw defendant exposing his penis and stroking it. J.M. continued walking as defendant followed her. After J.M. went home, she told her grandmother about the incident.

The day before J.M.'s 14th birthday defendant again approached J.M. in his truck as she was walking E.M. home. Defendant called J.M. over and asked her to meet him to have sex with him. J.M. saw defendant exposing and stroking his penis again. When J.M. told defendant she was going to tell her grandmother, defendant said he knew where J.M. lived and told her not to tell the police or her parents. J.M. went home and, while hiding behind a bush, wrote down defendant's license plate number as he drove down her street.

J.M. reported the incident to her grandmother and the police. The police located defendant in his truck and J.M. identified defendant. J.M.'s grandmother testified that about a week before defendant approached J.M., J.M.'s grandmother had shown defendant and another man one of her apartments that was for rent.

Defendant testified he had seen J.M. twice, including once when he and a friend went to J.M.'s apartment to look at an apartment J.M.'s grandmother was renting. After that, defendant saw J.M. two more times, including while he was driving down the street. Defendant claimed J.M. told him to stop and then ran up to his vehicle and asked where he was going. Defendant denied he exposed his penis. On another occasion, J.M. asked defendant to lower his window and she put her upper body in his truck. Defendant acknowledged that, after he was arrested, he told an officer he was attracted to J.M. and wanted to date her, but claimed he told the officer this because the officer was intimidating him.

### 2. Mandatory Sex Offender Registration

Defendant is required under section 290 to register as a sex offender because he was convicted of violating section 288, subdivision (a)[2] (attempted lewd acts on a child under 14 years old) and section 314, subdivision 1 (lewd exposure).

Defendant contends that he was denied equal protection of the laws under the federal and state Constitutions because sex offender registration is mandatory for his convictions, whereas it is discretionary for a section 261.5 conviction (unlawful intercourse with a minor). Defendant complains that persons convicted of committing or attempting to commit section 288(a) and section 314 offenses are similarly situated to those who commit a section 261.5 offense, yet they are treated differently.

■ The constitutional guaranty of equal protection of the laws under the federal and state Constitutions " 'compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' " (*In re Gary W.* (1971) 5 Cal.3d 296, 303 [96 Cal.Rptr. 1, 486 P.2d 1201].) Where the statutory distinction at issue neither "touch[es] upon fundamental interests" nor is based on gender, there is no equal protection violation "if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]" (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*).) That is, where there are plausible reasons for the classification, our inquiry ends. To sustain defendant's equal protection challenge to sex offender registration under section 290, defendant must prove that the classification scheme is irrational.

Defendant's reliance on *Hofsheier, supra,* 37 Cal.4th 1185, *In re J.P.* (2009) 170 Cal.App.4th 1292 [89 Cal.Rptr.3d 17], and *People v. Luansing* (2009) 176 Cal.App.4th 676 [97 Cal.Rptr.3d 836] (*Luansing*) is misplaced since the defendants in those cases were convicted of violating section 288a, subdivision (b)(1) (oral copulation with a victim under the age of 18 years), rather than section 288(a) (lewd acts with a victim under 14 years old). In *Hofsheier,* the defendant, who was 22 years old, was convicted of engaging in oral copulation with a 16-year-old girl in violation of section 288a, subdivision (b)(1). Under section 290, the defendant was required to register as a sex offender. (*Hofsheier,* at p. 1192.) On appeal, the defendant argued that he was denied the constitutionally guaranteed equal protection of the laws because a person convicted of unlawful sexual intercourse with a minor (§ 261.5) under the same circumstances would not be subject to mandatory registration. (*Hofsheier,* at p. 1192.)

---

[2] Section 288, subdivision (a) is referred to herein as section 288(a).

The California Supreme Court held, in accord with the decision of the Court of Appeal, "that to subject defendant to the mandatory registration requirement of section 290, subdivision (a)(1)(A) would deny defendant the equal protection of the laws." (*Hofsheier, supra*, 37 Cal.4th at p. 1193.) The Supreme Court directed the Court of Appeal to remand the case to the trial court for a determination of whether the defendant should be ordered to register as a sex offender under the discretionary registration provision of section 290. (*Hofsheier*, at pp. 1193, 1208–1209.)

The instant case is distinguishable from *Hofsheier* in that the victim in the instant case was under the age of 14 years, the defendant was over 20 years older than the victim, and the convictions were for attempting to commit a lewd act on a child under 14 years old (§ 288(a)) and for lewd exposure in a public place (§ 314, subd. 1). These crimes are not substantially similar to a section 261.5 offense.

Defendant's section 288(a) conviction involves preying on young, vulnerable children, and therefore there is a valid reason for requiring mandatory sex offender registration as to a section 288(a) conviction. On the other hand, convictions for violating sections 261.5 and 288a, subdivision (b)(1) can involve victims older than 14. As to older victims, the trial court may find that the offense is not sufficiently egregious and the offender is not sufficiently dangerous to society, particularly to young children, to warrant mandatory sex offender registration for all section 261.5 and section 288a, subdivision (b)(1) convictions.

As the court notes in *Hofsheier, supra*, 37 Cal.4th 1185, sections 288, 288a, and 261.5 "follow a pattern of imposing greater punishment on offenses involving younger victims, but the sentences imposed at each age level are not identical. Depending on the age of the victim or perpetrator, persons convicted of oral copulation with a minor are sometimes subject to more severe sentences than persons convicted of unlawful intercourse with a minor, often subject to the same sentence, and occasionally subject to less severe sentences." (*Hofsheier*, at pp. 1195–1196.)

In *People v. Manchel* (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194] (*Manchel*), the court held that mandatory sex offender registration for oral copulation with a child under age 16 by a defendant more than 10 years older than the victim (§ 288a, subd. (b)(2)), did not violate the defendant's right to equal protection. (*Manchel*, at pp. 1111, 1115.) The *Manchel* court concluded that the defendant could not establish that he was similarly situated to another group of offenders, such as those in violation of section 261.5, who are not subject to mandatory sex offender registration. (*Manchel*, at p. 1114.)

Subsequent case law criticizes *Manchel, supra*, 163 Cal.App.4th 1108 for improperly basing its decision on the fact that the defendant could have been

convicted of a section 288, subdivision (c)(1) crime (lewd acts involving a child 14 or 15 years old), when the defendant actually pled guilty to violating section 288a, subdivision (b)(2). The courts in *Luansing, supra,* 176 Cal.App.4th 676 and *People v. Ranscht* (2009) 173 Cal.App.4th 1369, 1373–1374 [93 Cal.Rptr.3d 800] (*Ranscht*) rejected *Manchel* because the *Manchel* court based its holding that there was no equal protection violation based on the section 288, subdivision (c)(1) offense not being similarly situated to the section 261.5 offense, whereas the defendant was not convicted of that crime. (*Luansing,* at pp. 684–685; *Ranscht,* at pp. 1373–1374.) But, here, defendant was actually convicted of a section 288(a) crime, which is essentially the same as a section 288, subdivision (c) offense, with the exception that a section 288, subdivision (c) conviction requires that the victim be between 14 and 15 years old and at least 10 years younger than the defendant, whereas the victim in a section 288(a) crime must be under 14 years old. The holding and underlying reasoning in *Manchel* thus is well founded as applied to defendant in the instant case.

As the court in *People v. Anderson* (2008) 168 Cal.App.4th 135 [85 Cal.Rptr.3d 262] (*Anderson*), explained in rejecting the defendant's equal protection challenge to mandatory sex offender registration for committing a section 288, subdivision (c)(1) crime: "The holding in *Hofsheier* does not mandate a similar conclusion here. First, the Supreme Court's holding was limited to mandatory sex offender registration for violating section 288a, subdivision (b)(1). The high court made it clear repeatedly in its opinion that its analysis was limited to an equal protection challenge involving mandatory registration for one convicted of voluntary oral copulation with a minor 16 or 17 years old (§ 288a, subd. (b)(1)), as compared with discretionary registration for one convicted of voluntary sexual intercourse with a 16- or 17-year-old minor (§ 261.5). [Citation.]" (*Anderson,* at p. 141.) The *Hofsheier* court indicated its holding did not apply to sexual crimes committed against victims under the age of 14, such as the victim in the instant case.

The *Anderson* court further explained: "In this instance, we are dealing with mandatory registration based on a conviction under section 288(c)(1), i.e., committing a lewd act on a child who is 14 or 15 years old where the perpetrator is at least 10 years older than that child. Not only does that particular provision contain specific protection for minors of an age group younger than the victim involved in *Hofsheier,* it also (unlike § 288a) contains a specific intent requirement. And, unlike *Hofsheier,* there is no relevant similarly situated group for which mandatory registration is not required that may serve as the basis for an equal protection challenge here. An adult who is at least 10 years older than the victim who commits a sex offense of oral copulation on a 14- or 15-year-old minor victim may be charged with a violation of section 288(c)(1), just as defendant was charged in this case. Defendant's group, contrary to his argument here, is not similarly

situated with those convicted of voluntary oral copulation of a 16- or 17-year-old victim in violation of section 288a, subdivision (b)(1). Defendant's equal protection challenge thus fails because he cannot establish that he, by virtue of his section 288(c)(1) conviction and the mandatory registration resulting therefrom, is subjected to unequal treatment because there is a similarly situated group for which no such mandatory registration is a consequence of the sex offense conviction." (*Anderson, supra,* 168 Cal.App.4th at pp. 142–143.)

■ Likewise, here, there is no equal protection violation in imposing mandatory registration for defendant's attempted section 288(a) conviction. Defendant fails to establish any similar crime in which mandatory registration is not required. Defendant has not shown that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*Hofsheier, supra,* 37 Cal.4th at p. 1199.) A section 261.5 offense does not require the victim to be under the age of 14 and concerns the general intent offense of committing unlawful sexual intercourse.

■ We further conclude mandatory sex registration, as opposed to discretionary registration, for a section 288(a) offense is rationally related to a legitimate state purpose since, unlike a section 261.5 offense, a section 288(a) offense is limited to victims under the age of 14 years, who tend to be more vulnerable to being preyed upon by sexual predators than older children, and the offense requires a finding that, when the perpetrator committed the lewd act, he or she possessed specific intent "to arouse or gratify the sexual desires of either the perpetrator or the victim. [Citation.]" (*People v. Lopez* (1998) 19 Cal.4th 282, 289 [79 Cal.Rptr.2d 195, 965 P.2d 713].) The order requiring defendant to register as a sex offender thus does not violate the equal protection clauses of either the state or federal Constitutions.

3.–5.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## 6. Disposition

Probation conditions Nos. 20 and 21 are modified to delete the requirement that defendant pay, as conditions of probation, the following fees and costs: (1) a court security fee (§ 1465.8); (2) the cost of a presentence report (§ 1203.1b); and (3) a probation supervision fee. However, the order that defendant pay such fees and costs is affirmed as an order entered as a part of

---

*See footnote, *ante,* page 72.

the judgment, separate and apart from the conditions of probation. In all other respects, the judgment is affirmed.

Richli, J., and Miller, J., concurred.

On August 30, 2010, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 1, 2010, S186944.