Filed 11/15/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048369 |
| v. | (Super. Ct. No. M-14588) |
| JOHN LYNN TIREY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Lance Jensen, Judge. Reversed and remanded with directions.

Law Offices of Robert D. Salisbury and Robert D. Salisbury, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Susan Miller, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant John Lynn Tirey appeals from the denial of his petition for a certificate of rehabilitation and pardon under Penal Code section 4852.01 (all further statutory references are to this code), which could have relieved him of the lifetime sex offender registration requirement pursuant to section 290.5. We conclude parts of section 4852.01 and section 290.5 violate the equal protection principles articulated in *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*) and discussed in *People v. Tuck* (2012) 204 Cal.App.4th 724, 739-742 (conc. opn. of Pollak, J.) (*Tuck*).

## FACTS

In 1998, Tirey pled guilty to six counts of lewd or lascivious conduct with two girls under the age of 14, in violation of section 288, subdivision (a) (section 288(a)). He was sentenced to six years in prison and ordered to register as a sex offender under section 290. He was discharged from parole in 2004.

In 2013, Tirey filed a petition for a certificate of rehabilitation and sought to be relieved of the sex offender registration requirement. The trial court denied the petition solely on the ground it is barred by the express statutory exclusions set forth in section 4852.01, subdivision (d) and section 290.5, subdivision (a)(2).

## DISCUSSION

Tirey contends the denial of his petition for a certificate of rehabilitation and relief from the sex offender registration requirement violates the equal protection clauses of the state and federal Constitutions. We agree. It appears persons convicted of violating section 288.7 are eligible to obtain a certificate of rehabilitation under section 4852.01 and relief from the registration requirement under section 290.5, while persons like Tirey convicted violating section 288(a) are not.[1] And we can discern no rational basis for the unequal treatment of these two similarly situated groups of sex offenders.

---

[1] Section 288.7 prohibits sexual intercourse, sodomy, oral copulation or sexual penetration with a child 10 years of age or younger. Section 288(a) prohibits lewd or lascivious acts with a child who is under the age of 14 years.

*A. The Challenged Statutes*

Section 4852.01 and section 290.5 together provide a means by which some sex offenders, including section 288.7 offenders but excluding section 288(a) offenders, may obtain a certificate of rehabilitation and relief from the sex offender registration requirement." (*Tuck*, *supra*, 204 Cal.App.4th at pp. 739-740 (conc. opn.).)

Specifically, section 4852.01, subdivision (a) provides: "Any person convicted of a felony who has been released from a state prison . . . may file the petition [for a certificate of rehabilitation] pursuant to the provisions of this chapter." But section 4852.01, subdivision (d) (section 4852.01(d)) provides: "This chapter shall not apply to persons . . . convicted of a violation of . . . Section 288 . . . ."

Similarly, section 290.5, subdivision (a)(1) provides: "A person required to register under Section 290 for an offense not listed in paragraph (2), upon obtaining a certificate of rehabilitation . . ., shall be relieved of any further duty to register under Section 290 . . . ." The list of offenses for which relief from registration is not permitted, includes section 288(a) but not section 288.7. (§ 290.5, subd. (a)(2) (section 290.5(a)(2).)

So, the provisions of section 4852.01 and section 290.5 treat section 288.7 offenders and section 288(a) offenders differently for purposes of eligibility to obtain a certificate of rehabilitation and relief from the sex offender registration requirement.

*B. Equal Protection Principles and Standard of Review*

"'The constitutional guaranty of equal protection of the laws under the federal and state Constitutions "'compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.'" [Citation.] Where the statutory distinction at issue neither "touch[es] upon fundamental interests" nor is based on gender, there is no equal protection violation "if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]" [Citation.] That is, where there are plausible reasons for the classification, our inquiry ends. To sustain defendant's equal protection challenge to sex offender

3

registration under section 290, defendant must prove that the classification scheme is irrational.' [Citations.]" (*Tuck*, *supra*, 204 Cal.App.4th at p. 731 (maj. opn.); see also *D.M. v. Department of Justice* (2012) 209 Cal.App.4th 1439, 1450.) "Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."' [Citations.]" (*Hofsheier*, *supra*, 37 Cal.4th at pp. 1199-1200; *Tuck*, *supra*, 204 Cal.App.4th at pp. 740-741 (conc. opn.).)

C. *Equal Protection Analysis*

"""""The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times. . . ."""" [Citation.] 'In recent years, section 290 registration has acquired a second purpose: to notify members of the public of the existence and location of sex offenders so they can take protective measures.' [Citation.] The purpose behind section 290.5 quite obviously is to relieve former sex offenders of the onerous registration requirement when they have demonstrated their rehabilitation and convinced the court that they no longer pose a threat to others necessitating the protective measure of registration." (*Tuck*, *supra*, 204 Cal.App.4th at pp. 740-741 (conc. opn.).)

"Given these purposes, no rational explanation is apparent for permitting a person previously convicted [under section 288.7] of sexual relations with a minor 10 years or younger to obtain a certificate of rehabilitation and be relieved of the registration requirement while denying this right to one previously convicted [under section 288(a)] of similar conduct with a minor who is 11, 12 or 13 years of age. These persons would seem '"sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment."' [Citation.]" (*Tuck*, *supra*, 204 Cal.App.4th at p. 741 (conc. opn.).)

4

The Attorney General argues section 288(a) offenders and section 288.7 offenders are not similarly situated, because the two crimes involve different victim age ranges and include different intent elements. We are not persuaded.

With respect to the different victim age ranges, "While the age of the victim by which sex offenses are defined justifies disparate treatment of offenders of the different statutes (*Tuck*, *supra*, 204 Cal.App.4th at p. 734 (maj. opn.)), this rationale does not justify more severe treatment of those convicted of the lesser offense." (*D.M. v. Department of Justice*, *supra*, 209 Cal.App.4th at p. 1451.) Section 288(a) is indisputably a lesser offense than section 288.7.[2] Therefore, the different victim age ranges cannot justify the more severe treatment of section 288(a) offenders.

With respect to the different intent elements, it is true section 288(a) requires a specific "intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child," while section 288.7 does not. But one can easily see why. The conduct which constitutes a violation of section 288.7 (sexual intercourse, sodomy, oral copulation, or sexual penetration) is overtly sexual, whereas the conduct which constitutes a violation of section 288(a) (touching on bare skin or through clothing) might not be sexual at all, absent the required specific intent. (Compare CALCRIM No. 1110 with Nos. 1127 & 1128.) Hence, the different intent elements cannot justify the more severe treatment of section 288(a) offenders either.

The Attorney General contends *People v. Alvarado* (2010) 187 Cal.App.4th 72 (*Alvarado*) and *People v. Cavallaro* (2009) 178 Cal.App.4th 103 (*Cavallaro*) support the prosecution argument that section 288(a) offenders and section 288.7 offenders are not similarly situated. We disagree. Both of these cases are distinguishable.

---

[2] A violation of section 288(a) is punishable by a determinate sentence of 3, 6, or 8 years. A violation of section 288.7 is punishable by an indeterminate sentence of 25 years to life (subd. (a)) or 15 years to life (subd. (b)).

*Alvarado* and *Cavallaro* both rejected equal protection challenges to the registration requirement for section 288 offenders, based upon comparisons with persons convicted of non-forcible intercourse with a 14- or 15-year-old under section 261.5, subdivision (d) (section 261.5(d)).  (*Alvarado, supra,* 187 Cal.App.4th at p. 77; *Cavallaro, supra* 178 Cal.App.4th at pp. 114-115.)  Both cases held section 288 offenders are not similarly situated to section 261.5(d) offenders, largely due to the statutory age disparities between the offenders and their victims, a factor not at issue here.

What's more, *Alvarado* and *Cavallaro* also concluded persons convicted of violating section 288 for conduct which is *involuntary* on the part of the victims, are not similarly situated to persons convicted of violating section 261.5(d) for conduct which is *voluntary* on the part of the victims.  (*Alvarado, supra,* 187 Cal.App.4th at p. 77; *Cavallaro, supra* 178 Cal.App.4th at pp. 110-111.)  In contrast, persons convicted of violating section 288(a) and persons convicted of violating section 288.7 are equally culpable on this issue, because both offenses involve conduct which is *involuntary* on the part of the victims.

What's more, *Alvarado* and *Cavallaro* determined persons subject to *mandatory* registration under section 290, subdivisions (b) and (c) for violating section 288, are not similarly situated to persons subject to *discretionary* registration under section 290.005, subdivision (d) for violating section 261.5(d).  (*Alvarado, supra,* 187 Cal.App.4th at p. 79; *Cavallaro, supra* 178 Cal.App.4th at pp. 114-115.)  Again in contrast, persons convicted of violating section 288(a) or 288.7 are both are subject to *mandatory* registration under section 290, subdivisions (b) and (c).

Therefore, we hold section 4852.01(d) and section 290.5(a)(2) violate the equal protection clauses of the state and federal Constitutions, to the extent they exclude persons convicted of violating section 288(a) from obtaining a certificate of rehabilitation and relief from the section 290 registration requirement.  This statutory classification results in a "'rather startling statutory preferential treatment'" for persons convicted of a more serious crime as contrasted with persons convicted of a less serious crime, all of

6

which denies the latter persons of the equal protection of the laws. (*Tuck*, *supra*, 204 Cal.App.4th at p. 741 (conc. opn.), quoting *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 708, 712.)

D. *Equal Protection Remedy*

"When a court concludes that a statutory classification violates the constitutional guarantee of equal protection of the laws, it has a choice of remedies. [Citations.]" (*Hofsheier*, *supra*, 37 Cal.4th at p. 1207.) "In choosing the proper remedy for an equal protection violation, our primary concern is to ascertain, as best we can, which alternative the Legislature would prefer. [Citations.]" (*Ibid.*)

It appears we have three options: (1) invalidate section 4852.01(d) and section 290.5(a)(2) as a whole; (2) add section 288.7 to the list of excluded offenses in section 4852.01(d) and section 290.5(a)(2); or (3) delete section 288(a) from the list of excluded offenses in section 4852.01(d) and section 290.5(a)(2).

We reject out of hand the first option of invalidating section 4852.01(d) and section 290.5(a)(2) as a whole. These provisions serve important and vital public purposes. Section 4852.01(d) precludes persons serving a mandatory life parole, persons committed under death sentences, as well as persons convicted of certain specified sex offenses from obtaining a certificate of rehabilitation. Likewise, section 290.5(a)(2) precludes a host of serious and violent sex offenders from being relieved of their registration requirements, even if they obtain a certificate of rehabilitation. Total invalidation of these provisions would undoubtedly be unacceptable to the Legislature.

With respect to the second option of adding section 288.7 to the list of excluded offenses in section 4852.01(d) and section 290.5(a)(2), we note neither statute was amended when the Legislature enacted section 288.7 in 2006, or since. The fact the Legislature had the opportunity but has not done so, is likely intentional. (See *Tuck*, *supra*, 204 Cal.App.4th at p. 740, fn. 4 (conc. opn.).) Moreover, depriving section 288.7 offenders of the right to obtain a certificate of rehabilitation and relief from section 290

7

registration, would impose a "'substantial' and 'onerous burden'" (*Hofsheier*, *supra*, 37 Cal.4th at pp. 1197) on section 288.7 offenders, which is better left to a determination by the Legislature. (*Hofsheier*, at p. 1216 (dis. opn. of Baxter, J.).)

With respect to the third option, deleting section 288(a) from the list of excluded offenses in section 4852.01(d) and section 290.5(a)(2) preserves most of the statutory scheme. As a result, section 288(a) and section 288.7 offenders who satisfy the specified criteria, would both be entitled to a certificate of rehabilitation and relief from registration, unless "the court determines the petitioner presents a continuing threat to minors of committing any of the offenses specified in Section 290." (§ 4852.13, subd. (b); see also *D.M. v. Department of Justice*, *supra*, 209 Cal.App.4th at pp. 1452-1453.)

We conclude, for the reasons discussed above, the Legislature would probably find the third option preferable to either of the other two options. Hence, we believe the appropriate remedy is to delete section 288(a) from section 4852.01(d) and section 290.5(a)(2), and permit Tirey to renew his application for a certificate of rehabilitation pursuant to section 4852.01, subdivision (a), all so he might be relieved of the lifetime registration requirement as provided in section 290.5, subdivision (a)(1).

We note the trial court did not determine whether Tirey satisfies the specified criteria. So our reversal of the order on appeal merely revives Tirey's right to pursue his petition on the merits. If Tirey satisfies the specified criteria, then requiring him to register as a sex offender for the remainder of his life based on his section 288(a) offenses would serve no useful purpose, because again the court will have necessarily determined he no longer presents a continuing threat to minors.

Finally, we observe the Legislature may wish to consider amending section 4852.01(d) and section 290.5(a)(2), to treat section 288(a) offenders and section 288.7 offenders equally for these purposes, and to ensure the overall certificate of rehabilitation and relief from sex offender registration scheme reflects the public policy objectives it was intended to accomplish.

**DISPOSITION**

The order denying the petition for a certificate of rehabilitation is reversed, and the matter is remanded to the trial court to consider the petition on the merits.


THOMPSON, J.

WE CONCUR:


FYBEL, ACTING P. J.


IKOLA, J.