Filed 1/15/14  P. v. Brown CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>    v.<br><br>JOE BROWN,<br><br>  Defendant and Appellant. | F065898<br><br>(Super. Ct. No. MCR041737)<br><br><br>**OPINION** |

### THE COURT\*

  APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.

  Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

---

\*  Before Cornell, Acting P.J., Detjen, J. and Hoff, J.†

†  Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

On August 10, 2012, defendant Joe Brown was convicted of making criminal threats against David Gideon (Pen. Code, § 422; count 1) and exhibiting a deadly weapon in a threatening manner (*id*., § 417, subd. (a)(1); count 3). He was acquitted of making criminal threats against Cameron Beckman (*id*., § 422; count 2). On September 28, 2012, the court granted three years of probation subject to various terms and conditions, including payment of a $100 court construction penalty (Gov. Code, § 70372, subd. (a)), an $80 court operations assessment (Pen. Code, § 1465.8, subd. (a)), and a $60 court facilities assessment (Gov. Code, § 70373).

On appeal, defendant contends his conviction on count 1 must be reversed because the evidence did not sufficiently show that Gideon experienced sustained fear.[1] He also contends the trial court erroneously required payment of the aforementioned fees as a condition of probation. We find the evidence sufficient to support the conviction, but find the challenged fee and assessments could not be ordered as a condition of probation. We affirm the conviction, but remand the case for the trial court to modify the fee and assessments as separate orders.

## STATEMENT OF FACTS

On the morning of August 18, 2011, Gideon and Beckman were helping Gideon's father move out of an apartment complex in Chowchilla, California. Gideon parked his truck in front of the garage, turned on the stereo system, and loaded boxes. Defendant's car alarm sounded. Gideon lowered the volume. A few minutes later, defendant

---

[1] Defendant does not dispute that the prosecution proved the other elements of the offense. (See at p. 4, *post*.)

2.

appeared with a black aluminum baseball bat, waved it approximately one foot in front of Gideon's face, and said, "Don't mess with my car, I'm going to fuck you up." Gideon felt "[t]hreatened and scared." Gideon did not "do anything with [his] hands," "make any aggressive moves," "try to take the bat," or "say anything to [defendant.]" Beckman, who stood approximately nine feet away from Gideon, advised defendant to "calm down" and that he would contact the police. Defendant replied, "Go ahead, call the cops." He subsequently told Beckman that he would "fuck [him] up, too" and "point[ed] the bat at [him], twirling it around in a circle." While Beckman called the police, defendant "[w]alk[ed] around, mumbl[ed] words," and eventually went home. A woman then came out of defendant's apartment and remarked, "[I]f you're going to call the cops go ahead and call them, he's not one to mess with." Gideon and Beckman continued to load boxes to "get out of there as fast as [they] could."

Patrol Sergeant David Riviere of the Chowchilla Police Department was dispatched to the scene.**2** He interviewed Gideon and Beckman and noted that both were "shaky" and "scared." Riviere arrested defendant, who disclosed that "there's a bat, a glock, and a Ruger in the closet." Riviere obtained a search warrant, searched defendant's closet, and found a black aluminum bat and two firearms. Both Gideon and Beckman identified this bat as the one in defendant's possession at the time of the incident.

## DISCUSSION

I.    Substantial evidence supports the finding that defendant's threat caused Gideon to be in a sustained fear for his own safety.

a. *Standard of Review*

---

**2**    Riviere testified that he is Gideon's uncle by marriage. He asserted that this relationship did not influence his investigation.

3.

Claims challenging the sufficiency of the evidence to uphold a judgment are generally reviewed under the substantial evidence standard. Under this standard, the appellate court examines the entire record in the light most favorable to the prosecution and determines whether (1) the evidence is reasonable, credible, and of solid value, and (2) based on this evidence, a rational trier of fact could find the elements of the crime beyond a reasonable doubt. (*In re George T.* (2004) 33 Cal.4th 620, 630-631 (*George T.*); see also *In re Michael G.* (2012) 203 Cal.App.4th 580, 589 ["The substantial evidence standard of review is generally considered the most difficult standard of review to meet, as it should be, because it is not the function of the reviewing court to determine the facts."].) The judgment will be upheld if it is supported by substantial evidence, even if the circumstances may reasonably justify a contrary outcome. (See *George T.*, *supra*, at p. 631; see also *People v. Wilson* (2010) 186 Cal.App.4th 789, 805 ["'Reversal … is unwarranted unless it appears "that upon no hypothesis what[so]ever is there sufficient substantial evidence to support [the conviction]." [Citation.]'"].)

b. *Analysis*

To prove the offense of making a criminal threat under Penal Code section 422, the prosecution must establish "'(1) that the defendant "willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person," (2) that the defendant made the threat "with the specific intent that the statement … is to be taken as a threat, even if there is no intent of actually carrying it out," (3) that the threat—which may be "made verbally, in writing, or by means of an electronic communication device"—was "on its face and under the circumstances in which it [was] made, … so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat," (4) *that the threat actually caused the person threatened "to be in a sustained fear for his or her own safety or for his or her immediate family's safety*," and (5) that the threatened person's fear was "reasonabl[e]" under the circumstances.'" (*George T.*, *supra*, 33

4.

Cal.4th 620, 630, italics added.) Regarding the fourth element, the word "'sustained'" means "a period of time that extends beyond what is momentary, fleeting, or transitory." (*People v. Allen* (1995) 33 Cal.App.4th, 1149, 1156.) Depending on the circumstances, a sustained fear for one's safety may result from a one-minute encounter. (See, e.g., *People v. Fierro* (2010) 180 Cal.App.4th 1342, 1349 ["When one believes he is about to die, a minute is longer than 'momentary, fleeting, or transitory.'"].)

We find substantial evidence showing defendant's threat caused Gideon to be in a sustained fear for his own safety. Defendant, in response to hearing his car alarm, confronted Gideon and threatened to "fuck [him] up." He brandished a baseball bat and waved it near Gideon's head. Gideon, who stayed in close proximity to defendant for the duration of the encounter, was rendered motionless until defendant went home. Gideon was warned by a woman who knew defendant that "[defendant]'s not one to mess with." Gideon and Beckman tried to finish their task so they could leave the complex quickly and were still "shaky" and "scared" by the time Riviere arrived.

Defendant counters Gideon's fear was transitory, citing *In re Ricky T.* (2001) 87 Cal.App.4th 1132. In that case, the minor, a high school student, returned to the classroom after he used the restroom and was locked out. He knocked on the door and the teacher opened it, striking him. The minor became angry and said to the teacher, "'I'm going to kick your ass'" and "'I'm going to get you.'" The minor made no physical movements or gestures. The teacher sent the minor to the dean's office, where he received a five-day suspension. The next day, a police officer interviewed the minor, who admitted he spoke angrily and confronted the teacher and apologized. The juvenile court found the minor to have made criminal threats under Penal Code section 422. (*Ricky T.*, *supra*, at pp. 1135-1136.) The Court of Appeal reversed, finding the evidence insufficient to establish sustained fear, inter alia. It pointed out that the minor did not effectuate his verbal threat to injure the teacher and even heeded the teacher's instruction to go to the dean's office. Moreover, the police were not summoned until the day after

5.

the incident. (*Id.* at pp. 1140-1141.) By contrast, in the instant case, defendant, an adult male, not only uttered profanity, but also brandished a weapon. Gideon, unlike the teacher in *Ricky T.*, was immobilized by fear, acted only after defendant left the scene, and remained "shaky" and "scared" for an appreciable period of time. The police were summoned on the morning of the incident. The evidence was sufficient to support defendant's conviction on count 1.**3**

II.     <u>The trial court erroneously required payment of collateral fees as a condition of probation.</u>

Defendant was ordered to pay, as a condition of probation, a fine under Penal Code section 672. Included in that fine was a court construction penalty (Gov. Code, § 70372, subd. (a)), a court operations assessment (Pen. Code, § 1465.8, subd. (a)), and a court facilities assessment (Gov. Code, § 70373). Defendant asserts those three fees should not have been imposed as conditions of probation. The People agree, as do we.

Government Code sections 70372, subdivision (a) and 70373 and Penal Code section 1465.8, subdivision (a) do not provide for imposing the fee or assessment as a probation condition. (Cf., e.g., Pen. Code, § 1202.4, subd. (m) [restitution fine].) Fees and assessments that are "collateral to [a defendant's] crimes and punishment" (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402) and "not oriented toward [his or her] rehabilitation but toward raising revenue for court operations" (*People v. Kim* (2011) 193 Cal.App.4th 836, 842) should not be imposed as a probation condition. (*People v. Pacheco, supra,* at pp. 1402-1403 ["court security fee" under Pen. Code, § 1465.8], overruled on other grounds in *People v. McCullough* (2013) 56 Cal.4th 589, 599; *People v. Kim, supra,* at pp. 842-843 ["court facilities assessment" under Gov. Code, § 70373].)

---

**3**     Defendant suggests the jury's verdict of guilty on count 1, but not guilty on count 2, supports his position. We are not persuaded. Although counts 1 and 2 involved the same offense against Gideon and Beckman, respectively, the facts as to each count were not identical in all respects.

Although the fee and assessments cannot be imposed as a condition of probation, they may be ordered separately at judgment.  (See *People v. Alvarado* (2010) 187 Cal.App.4th 72, 79-80; *People v. Flores* (2008) 169 Cal.App.4th 568, 578.)

## **DISPOSITION**

The matter is remanded to the trial court with instructions to separately impose the $100 court construction penalty, the $80 court operations assessment, and the $60 court facilities assessment as orders, and not as a condition of probation.  The judgment is otherwise affirmed.