Filed 8/19/14

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057821 |
| v. | (Super.Ct.No. RIC1213211) |
| RONALD JAMES ADAIR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Affirmed.

Brian Boles, Public Defender, Joseph J. Martinez, Deputy Public Defender for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting, Andrew Mestman and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

1

The trial court denied appellant and defendant Ronald James Adair's (1) petition for certificate of rehabilitation and pardon (Pen. Code, §§ 4852.01),[1] and (2) motion for reconsideration of the denial of his petition for certificate of rehabilitation and pardon. Defendant contends the trial court erred in denying his motion because the timelines set forth in section 4852.03, which provide when people convicted of different crimes may be granted a certificate of rehabilitation and pardon, violate principles of equal protection. We affirm the judgment.

## PROCEDURAL HISTORY

In 1980, defendant was convicted of first degree burglary (§ 459) and granted probation. The conviction was expunged in 2012. (§ 1203.4.) In 1984, defendant was convicted of (1) annoying or molesting a child under the age of 18 (former § 647a);[2] (2) soliciting a person to engage in lewd conduct (§ 647, subd. (a)); and (3) soliciting an act of prostitution (§ 647, subd. (b)). Defendant was granted probation, which he completed in 1987. In 1994, defendant was convicted of stalking, including violation of a restraining order. (§ 646.9, subd. (b).) Defendant was sentenced to prison. Defendant was released on parole and finally discharged in 2001. In 2004, defendant was convicted of failing to register as a sexual offender. (§ 290, subd. (g)(2).) Defendant was granted probation, which was completed in 2007. The conviction was expunged in 2012. (§ 1203.4.)

---

[1] All subsequent statutory references will be to the Penal Code unless otherwise indicated.

[2] The subdivision has been moved to section 647.6, subdivision (a)(1).

On August 28, 2012, defendant filed a petition for certificate of rehabilitation and pardon. The People asserted defendant's petition should be denied because it was premature, because he had not met the minimum eligibility date for a certificate of rehabilitation and pardon. Specifically, the People asserted defendant had to wait 10 years from the date he was discharged from custody for his most recent conviction. The People asserted the relevant date was March 9, 2004—the day defendant was placed on probation for his offense of failing to register as a sexual offender. The People argued 10 years had not elapsed, so defendant's motion should be denied.

On November 1, 2012, the trial court held a hearing on defendant's petition. At the hearing, defendant's counsel asserted that in 2004, when defendant committed his last offense, only eight years needed to elapse before a person could be granted a petition for certificate of rehabilitation and pardon. Defense counsel argued a 10-year rule should not be "retroactively" applied to defendant's petition. The People asserted the certificate of rehabilitation and pardon concerned a privilege, rather than a right, so the retroactivity rules were inapplicable.

The trial court concluded the 10-year time period applied. The court found the 10-year time period had not yet elapsed. The trial court said the 10-year period would elapse in 2014, if defendant did not commit any new offenses in the meantime. Thus, the court denied defendant's petition, and informed him he could again petition the court in 2014.

On November 9, 2012, defendant filed a motion for reconsideration. The motion was based upon a violation of defendant's right of equal protection. Defendant asserted

3

felons convicted of producing, selling, or advertising child pornography were subject to a seven-year rehabilitation period. Defendant contended he too should be subject to only a seven-year waiting period, because annoying a minor is similar to the foregoing child pornography offenses and there is no rational basis for the distinction.

At the hearing on the motion, the court asked how the two groups are similarly situated. Defense counsel explained the two groups are similar because they all have to register as sexual offenders. (§ 290.) Defense counsel said the certificate statute granted an exception to people convicted of indecent exposure and certain child pornography offenses—giving them a seven-year time period, rather than 10 years. Counsel argued, "it seems strange that certain felons get a break in terms of a period of rehabilitation, making it 7 years, but misdemeanors, other than [indecent exposure], don't."

The prosecutor asserted people convicted of annoying a child are not similarly situated with those convicted of indecent exposure or certain child pornography offenses. The prosecutor explained that the child pornography offenses were different from annoying a child because (1) the pornography offenses can be motivated by a commercial interest, rather than an aberrant sexual interest in children; and (2) the pornography offenses can be completed without coming in contact with a child victim. (§§ 311.2, 311.10.) The court asserted the indecent exposure offense was different because the victim did not necessarily have to be a child. (§ 314.) The prosecutor contended the indecent exposure offense also did not require a defendant "be motivated by a sexual interest in children."

4

Defense counsel asserted the elements of the offenses were irrelevant for determining if the people who committed the crimes were similarly situated. The court said it disagreed with defense counsel's premise, because it appeared the Legislature distinguished the two groups on the basis of the sexual nature of the offenses. Defense counsel said that reasoning would apply to the "rational basis" portion of the analysis, but not to the "similarly situated" part of the discussion. Defense counsel framed the issue as follows: "So because this offense involves an unnatural or abnormal interest in children, does that give a rational basis to require [10] years as opposed to [seven years]?" The trial court agreed that was the correct issue.

Defense counsel explained that the "annoying a child" offense was a wobbler, and defendant was convicted of the crime as a misdemeanor. Defense counsel asserted there was no rational basis for people convicted of felony indecent exposure having a shorter rehabilitation period than defendant, who was convicted of a misdemeanor.

The trial court said if defendant appeared in court in 2014 (after the 10-year period had elapsed), then the court would grant his petition for certificate of rehabilitation and pardon. However, the court believed it needed to consider the elements of various offenses—annoying a child, indecent exposure, and producing, selling, or advertising child pornography. The court found defendant was not "being treated unequally as a similarly-situated person" because the seven-year offenses did not have an element involving "conduct towards a child." Further, the court concluded there was a rational basis for the seven-year versus 10-year requirements because it appeared the Legislature separated the groups based upon the sexual conduct involved.

5

The court denied defendant's motion for reconsideration. The court again concluded the petition would not be ripe until March 2014, assuming defendant committed no offenses prior to that time.

## DISCUSSION

### A.    CONTENTION

Defendant asserts the trial court erred in denying his motion because he is similarly situated to the sexual offenders who are subject to the seven-year rehabilitation period and there is no rational basis for subjecting him to a 10-year period of rehabilitation. We disagree.

### B.    BACKGROUND LAW

#### 1.    *REGISTRATION*

Pursuant to section 290, subdivision (c) people convicted of annoying or molesting a child under the age of 18 years old (former § 647a) must register as sexual offenders. A variety of other crimes also require sexual offender registration, including section 311.2, subdivisions (b), (c), and (d), section 311.3, 311.10, and section 314. (§ 290, subd. (c).)

In 1984, section 647a provided a maximum six-month jail sentence for a person who annoyed or molested a child. However, the provision also permitted a prison sentence to be imposed for multiple violations of section 647a.

Section 311.2, subdivisions (b), (c), and (d) concern sending, selling, distributing, possessing, publishing, producing, or duplicating any child pornography images. Section 311.2, subdivisions (b) and (d) are felonies. Section 311.2, subdivision

6

(c) is a wobbler, unless the defendant has a prior section 311.2, subdivision (c) conviction, in which case the crime is a felony.

Section 311.3 concerns developing, duplicating, printing, or exchanging child pornography. Under section 311.3, the crime will be a misdemeanor if it is the defendant's first child pornography crime, but it will be felony if the defendant has suffered a prior child pornography conviction. (§ 311.3, subd. (d).) Section 311.10 addresses advertising and distributing child pornography. The offense is a wobbler. (§ 311.10, subd. (a).)

Section 314 concerns the crime of indecent exposure. The crime is a misdemeanor, unless (1) the crime occurs in an inhabited home or building, in which case the crime is a wobbler, or (2) the defendant has a prior conviction for indecent exposure or a lewd and lascivious act upon a child (§ 288), in which case the crime is a felony. (§ 314.)

2. *CERTIFICATE*

Section 4852.03 sets forth the time periods that must elapse before a defendant may seek a certificate of rehabilitation and pardon (certificate). All defendants must have a five-year period of residence in California. Then, depending on the crime, additional years are added for a rehabilitation period. For example, five years are added "in the case of any person convicted of committing any offense or attempted offense for which sex offender registration is required pursuant to Section 290, except for convictions for violations of subdivision (b), (c), or (d) of Section 311.2, or of Section

7

311.3, 311.10, or 314. For those convictions, two years shall be added to the five years imposed by this section." (§ 4852.03, subd. (a)(2).)

So, a person convicted of annoying a child (former §647a) must wait for 10 years to elapse from the date he was discharged from custody before seeking a certificate, while a person convicted of the foregoing child pornography offenses or indecent exposure need only wait seven years.

C.       EQUAL PROTECTION LAW AND STANDARD OF REVIEW

""""The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in a unequal manner." [Citations.] . . . . [¶] Under the equal protection clause, we do not inquire "whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.'" [Citations.]' [Citation.] The second requirement is to show that the challenged law bears no 'rational relationship to a legitimate state purpose.' [Citation.]" (*People v. Brandao* (2012) 203 Cal.App.4th 436, 442.) We apply the independent standard of review when considering an equal protection issue. (*People v. McKee* (2012) 207 Cal.App.4th 1325, 1338.)

D.       SIMILARLY SITUATED

Our Supreme Court has concluded there cannot be an absolute rule that people convicted of different crimes are dissimilarly situated. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1198 (*Hofsheier*).) An example of people convicted of different crimes being similarly situated occurred in *Hofsheier*. In *Hofsheier*, the Supreme Court considered whether people convicted of oral copulation with a minor (§ 288a, subd.

8

(b)(1)) are similarly situated with people convicted of unlawful sexual intercourse with a minor (§ 261.5). (*Hofsheier*, at p. 1200.) The Supreme Court reasoned, "[B]oth [crimes] concern sexual conduct with minors. The only difference between the two offenses is the nature of the sexual act." (*Ibid.*) The Supreme Court concluded the two groups were similarly situated for purposes of the sexual offender registration law. (§ 290.) (*Hofsheier*, at p. 1198.)

This court has concluded groups are not similarly situated for purposes of the sexual offender registration law when the groups' crimes involve (1) different age requirements for the victims, and (2) different intent requirements. (*People v. Alvarado* (2010) 187 Cal.App.4th 72, 79 [Fourth Dist., Div. Two].)

In the instant case, we are considering whether people convicted of annoying a child (former § 647a) are similarly situated to people convicted of indecent exposure (§ 314) and those convicted of producing, selling, or advertising child pornography. (§§ 311.2, subds. (b), (c) & (d), 311.3, 311.10.) The offense of annoying a child (former § 647a) involves a child victim who is present during the defendant's crime. The crime does not have a specific intent requirement; however, the defendant's actions must be motivated by a sexual interest in children. (*People v. Brandao*, *supra*, 203 Cal.App.4th at p. 441.)

Section 311.2, subdivisions (b), (c), and (d) include the offense of producing child pornography. "[P]roducers [are people] who directly exploit children physically to create a pornographic product." (*People v. Hobbs* (2007) 152 Cal.App.4th 1, 7, fn. omitted [Fourth Dist., Div. Two].) However, the intent for a producer must be to

9

distribute, exhibit, or exchange the pornography. (*In re Klor* (1966) 64 Cal.2d 816, 821; § 311.2, subds. (b), (c) & (d).) Therefore, a person convicted of annoying a child is dissimilar from a person who produces child pornography because the intent or motivation is different—the producer has the intent to share the product, while the annoyer is motivated by a sexual interest in children.

The crimes in section 311.10 (advertising and distribution), the crimes in section 311.3 (developing, duplicating, printing, or exchanging), and the remaining crimes in section 311.2, subdivisions (b), (c), and (d) (possessing, developing, duplicating, or printing) do not involve a child victim being present during the commission of the act. Rather, the crimes focus upon images of children. Accordingly, a person convicted of annoying a child is dissimilar from a person convicted of advertising, distributing, possessing, developing, duplicating, or printing child pornography (§§ 311.10, 311.3, 311.2, subds. (b), (c) & (d)) because the annoyance crime involves the presence of a victim.

The offense of indecent exposure can be committed regardless of the victim's age. The crime is complete when a person "[e]xposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby." Thus, indecent exposure is not necessarily a crime against a child. As a result, people convicted of annoying a child are not similarly situated to people convicted of indecent exposure, because not all people convicted of indecent exposure have victimized children.

In sum, people convicted of annoying a child (former § 647a) are not similarly situated to people convicted of subdivision (b), (c), or (d) of section 311.2, or of sections 311.3, 311.10, or 314 because former section 647a required (1) the presence of a child victim, and (2) that the defendant was motivated by a sexual interest in children. (See *People v. Alvarado*, *supra*, 187 Cal.App.4th at p. 79 [groups of people convicted of different crimes are not similarly situated when (1) the age requirements for the victims are different, and (2) the intent requirements are different].) As a result, we conclude the trial court properly concluded defendant's equal protection rights were not violated by having a five-year period of rehabilitation (10 years total) because the groups are not similarly situated.

Defendant's argument that he is similarly situated to sexual offenders with a seven-year certificate waiting period relies on *People v. Schoop* (2012) 212 Cal.App.4th 457. In *Schoop*, the defendant was convicted of possessing child pornography with the intent to distribute or exhibit (§ 311.1) and was required to register as a sexual offender (§ 290, subd. (c)). (*Schoop*, at p. 463.) The defendant sought a certificate of rehabilitation, but his petition was denied and he was told he must wait for the 10-year time period to elapse before he could properly seek relief. On appeal, the defendant challenged the ruling on equal protection grounds because other similarly situated people only had to wait seven years. (*Id.* at pp. 463, 465) In particular, the defendant asserted he was similarly situated to people convicted of other child pornography offenses, i.e., section 311.2, subdivisions (b), (c), and (d), and sections 311.3 and 311.10. (*Schoop*, at pp. 468-469.)

11

The appellate court concluded people convicted of possessing child pornography with the intent to distribute or exhibit (§ 311.1) were similarly situated with people convicted of crimes under section 311.2, subdivisions (b), (c), and (d), and sections 311.3 and 311.10 because all the crimes "address the production and dissemination of images representing sexual matter [and p]ersons convicted of any of the foregoing statutes must register as a sex offender (§ 290, subd. (c)) . . . ." (*Schoop*, *supra*, 212 Cal.App.4th at p. 471.)

We find *Schoop* to be distinguishable. Defendant was not convicted of possessing child pornography with the intent to distribute or exhibit. (§ 311.1.) Rather, defendant was convicted of annoying or molesting a child (former § 647a), which required defendant be motivated by a sexual interest in children. (*People v. Brandao*, *supra*, 203 Cal.App.4th at p. 441.) Section 311.1 is distinguishable from the offense of annoying a child for the same reasons the other child pornography offenses are distinguishable. First, with the exception of "producing," a child victim does not need to be present for the section 311.1 crime to be completed, i.e., possessing, developing, duplicating, or printing child pornography. Second, the intent for the section 311.1 crime is the "intent to distribute"—this includes the "producing" offense. (§ 311.1, subd. (a); *Schoop*, *supra*, 212 Cal.App.4th at p. 463.) So section 311.1 also differs from former section 647a because a sexual interest in children is not required for a section 311.1 violation. Given the differences between section 311.1 and section 647a, we find defendant's reliance on *Schoop* to be unpersuasive.

Next, defendant asserts it is improper to compare the elements of the crimes when conducting the "similarly situated" analysis. We disagree with defendant due to our Supreme Court comparing the elements of different offenses when determining whether people convicted of different crimes are similarly situated. (See *Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 456 [courts of inferior jurisdiction must follow the decisions of courts exercising higher jurisdiction].)

For example, in *Hofsheier*, our Supreme Court wrote, "[S]ection 288a (b)(1) and section 261.5 both concern sexual conduct with minors. The only difference between the two offenses is the nature of the sexual act. Thus, persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors '*are sufficiently similar* to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' [Citation.]" (*Hofsheier*, *supra*, 37 Cal.4th at p. 1200 [italics added].)

In *Hofsheier*, the Supreme Court looked to the elements of the offenses to determine whether the crimes were similar, thus causing the people convicted of those crimes to be similarly situated, for purposes of the mandatory sexual offender registration law. (§ 290.) (*Hofsheier*, *supra*, 37 Cal.4th at p. 1198.) We have followed our Supreme Court's example in conducting the "similarly situated" analysis and therefore are not persuaded that the elements of the crimes are irrelevant.

Moreover, we note the intermediate appellate court in *Schoop* also compared the elements of the groups' offenses. In *Schoop*, the appellate court wrote, "These statutes,

13

all . . . address the production and dissemination of images representing sexual matter." (*Schoop*, *supra*, 212 Cal.App.4th at p. 471.)  Thus, part of the appellate court's "similarly situated" analysis concerned the fact that the crimes all targeted the same basic acts.  This court also compared the elements of the offenses in *Alvarado* for purposes of the "similarly situated" analysis.  (*People v. Alvarado, supra,* 187 Cal.App.4th at pp. 78-79.)  Thus, we are not persuaded that the elements of the groups' crimes are irrelevant to the "similarly situated" analysis.

Next, defendant asserts the groups are similarly situated because they all must register as sexual offenders pursuant to section 290, subdivision (c).  In the "similarly situated" analysis, the question """"is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.'" [Citation.]' [Citation.]" (*Schoop*, *supra*, 212 Cal.App.4th at p. 471.)

The law at issue is the statute setting forth the time periods that must elapse before a defendant can properly petition a court for a certificate of rehabilitation and pardon.  (§ 4852.03.)  Since the statute pertains to ensuring a sufficient amount of time has passed for a court to determine if a defendant has been rehabilitated, the relevant questions for determining if the defendants are similarly situated pertain to the defendants' offenses—what acts were involved, who were the victims, and what were the defendants' intents or motivations.  (See generally *People v. Brown* (2012) 54 Cal.4th 314, 328-329 [discussing the purpose of a law as part of an equal protection analysis].)  By looking at the elements, a court can determine if two groups are similarly situated for purposes of time needed to prove rehabilitation.  (See *Schoop*, *supra*, 212

14

Cal.App.4th at p. 471 [comparing the acts at issue in the offenses].)  The fact that all the groups must register as sexual offenders (§ 290) provides little insight into whether they would require similar time periods for rehabilitation.  Accordingly, we find defendant's assertion concerning similarity of registration requirements to be unpersuasive because it does not relate to the purpose of the law.

> E.    RATIONAL BASIS

Since the groups are not similarly situated, we do not need to determine if there is a rational basis for the Legislature's different treatment of the groups.  (See *In re Jose Z.* (2004) 116 Cal.App.4th 953, 960 ["The analysis will not proceed beyond this stage if the groups at issue are not '"similarly situated . . .""'"].)

## DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

MILLER
                                                                                                J.

We concur:

McKINSTER
            Acting P. J.

RICHLI
            J.

15