[No. D059022. Fourth Dist., Div. One. Aug. 11, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
INDERJEET SINGH, Defendant and Appellant.

**COUNSEL**

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

The Law Office of John Derrick and John Derrick for Defendant and Appellant.

**OPINION**

**McINTYRE, J.**—In this case we address whether subjecting sex offenders convicted under Penal Code section 288, subdivision (a) (section 288(a)) (lewd or lascivious conduct with a minor under the age of 14), to mandatory sex offender registration violates their right to equal protection of the laws where registration for certain other sex offenders is discretionary. (Undesignated statutory references are to the Penal Code.) We conclude that it does not violate equal protection because offenders convicted under section 288(a) are not similarly situated to persons convicted of offenses under section 261.5 (unlawful sexual intercourse with a minor), section 288a, subdivision (b)(1) (section 288a(b)(1)) (oral copulation with a minor), and section 289,

subdivision (h) (section 289(h)) (sexual penetration of a minor). Section 288(a) affords a specific protection to minors under the age of 14 and is a specific intent offense whereas section 261.5, section 288a(b)(1), and section 289(h) involve general intent offenses against minors under the age of 18. We also reject defendant's assertion that the evidence was insufficient to convict him because more than one inference can be drawn from the evidence regarding his intent.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2006, the Riverside County Sheriff's Department conducted a sting operation in Mira Loma that involved Perverted Justice, an organization aimed at "protecting kids from internet predators," and NBC's *Dateline* television show. Perverted Justice volunteers pose as children in Internet chat rooms to find sexual predators.

As part of the sting operation, Carey Gregory, a Perverted Justice volunteer, posed as a 12-year-old girl named "Julie" in an Internet chat room. Gregory used the screen name "juliegrrrrrl" and created a profile for "Julie" that included a picture of a young girl and indicated that she was 12 years old. While "Julie" was in the chat room, Inderjeet Singh viewed her profile. Singh then contacted "Julie" and proceeded to have a sexually explicit discussion with her online.

At the outset of their conversation, Singh asked "Julie" for her age, sex and location, to which "Julie" responded that she was a 12-year-old female in Riverside. "Julie" also told him that she was in the sixth grade. Singh quickly turned the chat in a sexual direction by asking "Julie" if it is true "that middle school people are sex freak[s]." Singh asked detailed questions about "Julie's" prior sexual experiences, such as whether she knew what "eating out" was, whether she liked playing in the shower, if she was sure "[she] can take older guy," and if she likes "doggy style." Singh informed "Julie" that if she felt a "need for sex," he could "fulfill that need."

At one point, Singh expressed concern about whether he would be in trouble for talking to a teenager online and stated that he was a "bit concerned doing under age." Singh continued the discussion by suggesting that they watch a movie together and play video games. Shortly thereafter, however, Singh turned the conversation back to sex and made arrangements to meet "Julie" at her house. "Julie" suggested that Singh bring "mikes hard lemonade" and condoms with him.

As planned, Singh went to "Julie's" house the next day. He did not bring any alcohol or sexually related material with him. When Singh entered the

house, he was confronted by a *Dateline* reporter. After a conversation with the reporter, Singh left the house and was arrested by officers involved in the sting operation.

## DISCUSSION

### I. *Substantial Evidence Supported the Conviction*

Singh claims the evidence was insufficient to convict him because more than one reasonable inference can be drawn from the evidence regarding his intent. We reject Singh's argument.

In determining the sufficiency of the evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [1 L.Ed.2d 560, 99 S.Ct. 2781].) "[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738].) Moreover, " '[a] judgment of conviction will not be set aside for insufficiency of the evidence to support the jury's verdict unless it is clearly shown there is no basis on which the evidence can support the conclusion of the jury. The credibility of witnesses and the weight to be accorded to the evidence are matters to be determined by the trier of fact. [Citations.]' " (*People v. Cardenas* (1994) 21 Cal.App.4th 927, 938 [26 Cal.Rptr.2d 567].) Reversal of the judgment is not warranted even if we might have made contrary findings or drawn different inferences, as it is the trier of fact, not the appellate court, that must be convinced beyond a reasonable doubt. (*People v. Perez* (1992) 2 Cal.4th 1117, 1126 [9 Cal.Rptr.2d 577, 831 P.2d 1159].)

■ To sustain a conviction of attempted violation of section 288(a), the prosecution has the burden of demonstrating (1) the defendant intended to commit a lewd and lascivious act with a child under 14 years of age, and (2) the defendant took a direct but ineffectual step toward committing a lewd and lascivious act with a child under 14 years of age. (See *People v. Memro* (1985) 38 Cal.3d 658, 698 [214 Cal.Rptr. 832, 700 P.2d 446], overruled on other grounds in *People v. Gaines* (2009) 46 Cal.4th 172, 181, fn. 2 [92 Cal.Rptr.3d 627, 205 P.3d 1074].) The requisite intent for section 288(a) may be proven by circumstantial evidence. (*People v. Levesque* (1995) 35 Cal.App.4th 530, 543 [41 Cal.Rptr.2d 439].)

Here, Singh concedes that a reasonable inference could be drawn that he did have the requisite intent to commit a lewd and lascivious act with a minor. However, Singh contends that the jury could have drawn another reasonable inference in this case (i.e., that he did not know what he intended to do at "Julie's" house). Singh argues that if more than one reasonable inference can be drawn from the evidence, the one most favorable to him must prevail. In light of our standard of review, we are not persuaded by Singh's argument.

Although the jury here was free to accept Singh's contention that he had not formed the requisite intent, the jury was also free to reject that contention. (See *People v. Hillhouse* (2002) 27 Cal.4th 469, 497 [117 Cal.Rptr.2d 45, 40 P.3d 754].) There is substantial evidence in the record supporting the jury's determination that Singh intended to commit a lewd and lascivious act with a minor under 14 years of age. Despite knowing "Julie's" age, Singh engaged in a sexually explicit discussion with her, asked her detailed sexual questions, told her that he could fulfill her sexual needs, and went to her house. In light of these facts, and as Singh concedes, the jury's inference regarding his intent was reasonable. We may not substitute our conclusion for that of the trier of fact where, as here, the facts support more than one inference. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874 [197 Cal.Rptr. 925].)

## II. *Equal Protection*

Singh contends that subjecting him to the mandatory sex offender registration requirement of section 290 violates his right to equal protection because there is no rational basis for requiring him to register when registration for individuals convicted of other felony sex offenses is discretionary. We disagree.

■ "The United States and California Constitutions entitle all persons to equal protection of the laws. [Citations.] This guarantee means 'that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances.' [Citation.] A litigant challenging a statute on equal protection grounds bears the threshold burden of showing 'that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citation.] Even if the challenger can show that the classification differently affects similarly situated groups, '[i]n ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest,' the classification is upheld unless it bears no rational relationship to a legitimate state purpose. [Citation.]" (*People v. Ranscht* (2009) 173 Cal.App.4th 1369, 1372 [93 Cal.Rptr.3d 800] (*Ranscht*).)

Singh relies on *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*) and *Ranscht* to argue that persons convicted of section 288(a) offenses (lewd and lascivious act with a minor under age 14) are similarly situated but treated differently than those who commit offenses under section 261.5 (unlawful sexual intercourse with a minor), section 288a(b)(1) (oral copulation with a minor), and section 289(h) (sexual penetration of a minor). However, Singh's reliance on these cases is misplaced.

■ In *Hofsheier*, the defendant pleaded guilty to oral copulation with a minor under the age of 18 in violation of section 288a(b)(1) and was required to register as a sex offender. (*Hofsheier, supra*, 37 Cal.4th at pp. 1192–1193.) On appeal, the defendant argued that he was denied equal protection of the laws because a person convicted of unlawful sexual intercourse with a minor under the age of 18 (§ 261.5) would not be subject to mandatory sex offender registration under section 290. (*Hofsheier, supra*, 37 Cal.4th at p. 1194.) The California Supreme Court agreed with the defendant, noting that "[t]he only difference between the two offenses [was] the nature of the sexual act." (*Id.* at p. 1200.) However, *Hofsheier* did not address the situation that is presently before us. As the court stated in *People v. Alvarado* (2010) 187 Cal.App.4th 72, 77 [113 Cal.Rptr.3d 648] (*Alvarado*), *Hofsheier* is distinguishable because a section 288(a) offense is not "substantially similar to a section 261.5 offense." Rather, a "section 288(a) conviction involves preying on young, vulnerable children, and therefore there is a valid reason for requiring mandatory sex offender registration as to a section 288(a) conviction. On the other hand, convictions for violating sections 261.5 and 288a, subdivision (b)(1) can involve victims older than 14." (*Alvarado, supra*, 187 Cal.App.4th at p. 77.)

Singh relies on our decision in *Ranscht* to argue that there is no age "dividing line" that determines which offenses require sex offender registration. However, Singh improperly extends the scope of our holding in *Ranscht*. In *Ranscht*, the defendant entered into a mutual romantic relationship with a 12- or 13-year-old girl and digitally penetrated her. (*Ranscht, supra*, 173 Cal.App.4th at p. 1371.) The defendant was charged with four counts of lewd and lascivious acts on a minor under the age of 14 (§ 288(a)) and two counts of sexually penetrating a minor under the age of 18 (§ 289(h)); however, he pleaded guilty to only one count under section 289(h). (*Ranscht, supra*, 173 Cal.App.4th at pp. 1371–1372.) Focusing on the particular offense of which the defendant was convicted, we found that application of section 290's mandatory registration requirement on the defendant would violate his right to equal protection of the laws because he was similarly situated to an offender convicted of unlawful sexual intercourse with a minor. (*Ranscht, supra*, 173 Cal.App.4th at p. 1375.) In our decision, we distinguished between general and specific intent offenses, noting that unlawful sexual intercourse and oral copulation with a minor are general intent offenses,

"whereas convictions under section 288, subdivision (a) . . . require the specific intent to 'arous[e], appeal[] to, or gratify[] the lust, passions, or sexual desires of [the offender] or the child.' [Citation.]" (*Id.* at p. 1373.)

 As we did in *Ranscht*, we must focus on the provision under which Singh was convicted. Despite Singh's contention that he is similarly situated to the defendant in *Ranscht*, we conclude he is not. Unlike the section 289(h) conviction in *Ranscht*, Singh was convicted of a violation of section 288(a), a statute that affords a specific protection to minors under the age of 14. This protection for young children is not included in section 289(h) or any of the other statutes upon which Singh relies. Moreover, Singh was convicted of a specific intent offense, whereas the defendant in *Ranscht* was convicted of a general intent offense. " 'The higher mental state required for a conviction under section 288 is a distinction that is meaningful in deciding whether a person convicted under that statute is similarly situated with one convicted under section 261.5.' " (*People v. Kennedy* (2009) 180 Cal.App.4th 403, 410 [103 Cal.Rptr.3d 161].) If persons engaging in sexual intercourse, sexual penetration, or oral copulation with a minor under the age of 14 were convicted under section 288(a), those persons too would be subject to mandatory registration.

 Singh has not met his threshold burden of showing " 'that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' " (*Ranscht, supra,* 173 Cal.App.4th at p. 1372.) Despite his contentions, Singh is not similarly situated to offenders convicted under section 261.5, 288a(b)(1) or 289(h) because those provisions are not limited to children under the age of 14 and are general intent offenses. Accordingly, Singh's equal protection argument fails. Even if Singh had met his threshold burden, however, we conclude that mandatory sex offender registration for persons convicted under section 288(a) bears a rational relationship to a legitimate state purpose in that "a section 288(a) offense is limited to victims under the age of 14 years, who tend to be more vulnerable to being preyed upon by sexual predators than older children, and the offense requires a finding that, when the perpetrator committed the lewd act, he or she possessed specific intent 'to arouse or gratify the sexual desires of either the perpetrator or the victim.' " (*Alvarado, supra,* 187 Cal.App.4th at p. 79.)

Lastly, having determined that the order requiring Singh to register as a sex offender does not violate his right to equal protection of the laws, we need not address his ineffective assistance of counsel claim. (See *People v. Price* (1991) 1 Cal.4th 324, 440 [3 Cal.Rptr.2d 106, 821 P.2d 610].)

## DISPOSITION

The judgment of the trial court, including the court's order directing Singh to register as a sex offender pursuant to section 290, is affirmed.

McConnell, P. J., and Irion, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 30, 2011, S196663.