Filed 10/6/14  P. v. Shoblom CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMOND G. SHOBLOM,<br><br>    Defendant and Appellant. | F066465<br><br>(Super. Ct. No. FP003879A)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Scott C. Shoblom for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and A. Kay Lauterbach, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Raymond G. Shoblom appeals from an order denying his petition for a certificate of rehabilitation and pardon (Pen. Code, § 4852.01 et seq.)[1] with respect to his 1993 conviction of section 288, subdivision (a) (section 288(a)), committing a lewd and lascivious act on a child under the age of 14, for which he is required to register for life as a sex offender under section 290. Shoblom contends the trial court erred in denying the petition because the eventual striking of the section 290 registration requirement was part of his original plea agreement. He also contends that statutorily barring him from a certificate of rehabilitation and pardon violates equal protection. Finally, he contends that the trial court lacked subject matter jurisdiction over the offense because the acts occurred on a military base. We affirm.

## PROCEDURAL HISTORY

### *The Charges*

In January of 1993, Shoblom was charged with three counts of lewd and lascivious conduct on a child under the age of 14, under section 288(a) occurring between September and December of 1992.[2] Shoblom was a 28-year-old teacher at a school on a military base at the time of the offenses; the victim, a 12-year-old girl, was one of his special education students.

### *Indicated Sentence and Change of Plea*

Shoblom was held to answer following a preliminary hearing in January 1993. He later received an indicated sentence of no initial state prison from the court and agreed to plead no contest to count one. At the change of plea hearing in February 1993, the trial court stated it understood Shoblom would be:

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    The third count of section 288(a) was dismissed at the request of the prosecutor at the preliminary hearing, based on lack of evidence.

"[e]ntering a no contest plea with the understanding that the judge in Department 1 has indicated that he would be sentenced to no more than one year in jail as a condition of 3 years of felony probation. That's a court indicated sentence presumably over the objection of the District Attorney - at least without the DA's agreement. A psychological or psychiatric evaluation under Section 288.1 of the Penal Code will be ordered."

The court warned Shoblom if he violated probation, he could be sentenced to state prison for up to eight years. Shoblom was specifically advised that, if he plead no contest, he would "be required to register as a sexual offender with the law enforcement agency of the jurisdiction in which you live from this point forward." Shoblom stated he understood. He also specifically denied receiving any additional promises in exchange for his plea. Defendant then pled no contest. The trial court "conditionally" accepted the no contest plea, finding there was a factual basis to support it.

*Sentencing*

At the May 1993 sentencing hearing, the trial court ordered:

"Imposition of sentence will be suspended. You will be admitted to probation for a period of three years pursuant to the following terms and conditions: You're to serve the first year of your probationary period in the county jail.… [¶] … [¶] Register under the provisions of Section 290 of the Penal Code as required by law."

The terms and conditions of probation form signed by Shoblom (although dated November 1, 1993) stated he was to register pursuant to section 290. The form also stated that, if he fulfilled the conditions of his probation, he was entitled to have a plea of not guilty entered and the accusation or information dismissed pursuant to section 1203.4.

In October 1993, the trial court modified Shoblom's probation to time served, finding Shoblom had "done sufficient time to impress upon him the seriousness of the offense."

*Section 1203.4 Petition*

In 1998, Shoblom sought dismissal of his conviction under section 1203.4. The People did not oppose Shoblom's request for relief and the court granted it in September

3.

1998.  At the time, Shoblom's counsel specifically acknowledged that the relief granted did not relieve Shoblom of his duty to register as a sex offender.  The written order, prepared by Shoblom's counsel, reflected this understanding: "This dismissal does not relieve the defendant of his registration obligations pursuant to California Penal Code Section 290."

*Section 4852.01 Petition*

In 2012, Shoblom filed a section 4852.01 petition for issuance of certificate of rehabilitation and for relief from the duty to register pursuant to section 290.  Following a hearing, the trial court denied the petition.

## DISCUSSION

I.  DID THE TRIAL COURT ERR WHEN IT DENIED SHOBLOM RELIEF UNDER SECTION 4852.01?

Shoblom contends that the trial court erred in denying his petition for a certificate of rehabilitation and pardon under section 4852.01 because there was an implied promise, at the time of his original plea, that his section 290 registration requirement would be stricken at some point in the future.  We disagree.

*Standard of Review*

The denial of a petition for a certificate of rehabilitation and pardon under section 4852.01 is reviewed on appeal under an abuse of discretion standard.  (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 226.)  Abuse of discretion requires a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner, resulting in a manifest miscarriage of justice.  (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

*Historical Perspective of Applicable Statutes*

At the time of Shoblom's plea in 1993, section 1203.4 allowed a defendant to withdraw a plea of guilty or nolo contendere and receive, as a matter of right, relief from penalties under that statute if he or she fulfilled the terms of his or her probation.  (*People*

*v. Chandler* (1988) 203 Cal.App.3d 782, 787, 788.) However, an order providing relief under section 1203.4 did not automatically remove the lifetime sex offender registration required under section 290. Rather, after securing the section 1203.4 order, the defendant could then obtain removal of the lifetime sex offender registration by obtaining a certificate of rehabilitation and pardon under the then existing section 4852.01 et seq. and, pursuant to section 290.5, relief from the duty to register upon obtaining a certificate of rehabilitation. (§ 4852.01, subd. (c); Historical and Statutory Notes, 51C Pt. 2 West's Ann. Pen. Code (2011 ed.) foll. § 4852.01, p. 37; former § 290.5; Historical and Statutory Notes, 48 West's Ann. Pen. Code (2014 ed.) foll. § 290.5, p. 178.)

The law changed so that, effective January 1, 1998, those convicted under section 288 became categorically ineligible for those forms of relief. Section 1203.4 was amended to make relief under that statute unavailable to those convicted of violating various sex offenses, including any violation of section 288. (§ 1203.4, subd. (b); Stats. 1997, ch. 61 § 1 (Assem. Bill No. 729).)[3] That same bill amended section 4852.01 to disqualify those convicted of violating, inter alia, section 288 from receiving a certificate of rehabilitation. (§ 4852.01, subd. (d); Stats. 1997, ch. 61 § 2 (Assem. Bill No. 729); see *People v. Arata* (2007) 151 Cal.App.4th 778, 785-786 (*Arata*).)

Section 290.5, subdivision (b), was also amended, effective January 1, 2000, so that relief from registration was available for individuals convicted under section 288 only if a certificate of rehabilitation had been obtained prior to January 1, 1998. (§ 290.5, subd. (b)(3); Stats. 1999, ch. 576 § 2, p. 4092 (Assem. Bill No. 1193).) Section 290.5 was again amended in 2005 to provide: "A person required to register under Section 290, upon obtaining a certificate of rehabilitation …, shall not be relieved of the duty to

---

[3]    We note that Shoblom's section 1203.4 petition for relief was granted in September 1998, after the 1997 amendment to that section, effective January 1, 1998, specifically banned relief to a defendant who, like Shoblom, was convicted of a violation of section 288.

register under Section 290" if his or her conviction was for violating, inter alia, section 288. (§ 290.5, subd. (a)(2)(M); Stats. 2005, ch. 722 § 8, pp. 5913-5914 (Assem. Bill No. 1323)).)

At the time of Shoblom's plea, as now, dismissal under section 1203.4 was a prerequisite to obtaining a certificate of rehabilitation; and a certificate of rehabilitation was, and still is, a prerequisite to being relieved of registration requirements for certain sex offenses under section 290.5. (§§ 290.5, subds. (a)(1), (2), and (b)(3), 4852.01, subd. (c).) Most importantly however, because Shoblom was convicted of violating section 288(a), he is statutorily precluded, under current law, from obtaining any relief under sections 1203.4 and 4852.01, including relief from registration under section 290.

The revisions to these sections apply retroactively to one convicted before their effective date. (*People v. Ansell* (2001) 25 Cal.4th 868, 884-885, 893; *Arata, supra,* 151 Cal.App.4th at pp. 784-785.)

*Petition for Certification of Rehabilitation and Pardon Under Section 4852.01*

In August of 2012, Shoblom, noting he had obtained relief under section 1203.4 in September 1998,[4] filed a section 4852.01 petition for a certificate of rehabilitation and pardon. In subsequently filed points and authorities, Shoblom asked for relief from the duty to register as a section 290 sex offender, claiming the right to do so was part of his understanding of the 1993 plea agreement entered into. As outlined below, the record is void of any such agreement.

In an attached declaration, Shoblom stated that, at the time of his 1993 plea, he was told by counsel Frank Butkiewicz that if he successfully completed probation, met all of the terms and conditions of probation, and led a law-abiding life, he could later return

---

[4] We again note that Shoblom's section 1203.4 petition for relief was improperly granted in September 1998, since, effective January 1, 1998, section 1203.4 had been amended to specifically ban relief to a defendant who, like Shoblom, was convicted of a violation of section 288.

to the court and withdraw his plea of no contest, substitute it for a plea of not guilty and have his case dismissed under section 1203.4. He was further told by Butkiewicz that he could then apply for a certificate of rehabilitation and, if he met the requirements, have his section 290 registration eliminated.

Butkiewicz filed a declaration in support of Shoblom's section 4852.01 petition, stating that it would have been his practice at the time of the plea to discuss the plea "thoroughly" with Shoblom; that he would have advised Shoblom that, if he successfully completed probation and was not rearrested or charged with another similar offense, he could have the case dismissed under section 1203.4; and he could then apply for a certificate of rehabilitation and, if he met the requirements, he could have his section 290 registration requirements "eliminated or dismissed." Butkiewicz declared that he "did discuss this matter thoroughly" with Shoblom.

The People opposed the petition, arguing Shoblom was statutorily ineligible for a certificate of rehabilitation and pardon because of his section 288 conviction. The People also argued that, if Shoblom was eligible to apply, he had made no showing that he was no longer a threat to minor children, as required pursuant to section 4852.13, subdivision (b). Finally, the People argued that, even if Shoblom was granted the petition, he would be statutorily barred from relief of registration under section 290.5, subdivision (2)(M).

Shoblom's written response added that he was told by Butkiewicz that section 1203.4 was a "first step in working his way out of the requirements to register as a sex offender under Penal Code Section 290." According to Shoblom, Butkiewicz told him that the "second step" would be to apply for a certificate of rehabilitation under section 4852.01.

Shoblom argued that, in the interim between his 1993 plea and his section 1203.4 and 4852.01 petitions, the change in the law "effectively slammed the door on any person convicted of Penal Code Section 288 and other related sexual offenses after January … 1998 as far as having his case dismissed under 1203.4 and applying for a certificate of

7.

rehabilitation under Penal Code 4852.01." Shoblom argued he did not receive the benefits of his plea bargain because, at the time he entered his plea, "there was a clear bright legal line that could lead one out of the legal burdens imposed by conviction of Penal Code Section 288 and the registration requirements of Penal Code Section 290," and he did all that was required of him.

*Hearing and Denial of Petition for Certification of Rehabilitation and Pardon*

At the December 2012, hearing on the petition, defense counsel retraced the legislative history of sections 1203.4 and 4852.01. He then argued that Shoblom completed his portion of the plea agreement and "just because the [L]egislature changed the law, doesn't mean that the court should not enforce the plea bargain agreement."

The trial court, noting that the section 1203.4 petition was already granted, found the issue was "the 290 registration," and stated, "[w]ith regard to this allegation that it was part of the plea bargain, I find that not to be true. There was no promise from the D.A. or the court that he would have his 290 registration stricken at some future point. He may have been under the impression it would be stricken, but that does not bind the D.A. or the court." Instead, the trial court found that there was an "option that it could happen, that the court might have discretion in the future to strike the 290, and that option still exists today, because under [section] 4852.01, [subdivision] (e),[5] the defendant can receive a full pardon from the governor's office, at which point there is discretion - not mandatory - but discretion to strike the 290." The trial court then found Shoblom's declaration that he only entered the plea because he had a future promise of having the section 290 registration stricken not believable or credible. Instead, the court surmised that Shoblom's motivation in taking the plea was the likelihood of a harsher punishment had he gone to trial. The trial court denied the petition.

---

[5] Section 4852.01, subdivision (e) provides that, "Notwithstanding the above or any other provision of law, the Governor shall have the right to pardon a person convicted of a violation of … Section 288 …, if there are extraordinary circumstances."

*Analysis*

As noted above, section 4852.01, subdivision (d) explicitly denies Shoblom the opportunity to seek relief under the statute because of his section 288 conviction. Nevertheless, Shoblom, relying on "general contract principles," contends that the trial court's denial of his certificate of rehabilitation and pardon denied him an implied term of the 1993 plea agreement.

We disagree. Like the trial court, we find there was no implied or express term of the plea agreement that Shoblom's section 290 registration requirement would be stricken. Although he may have had that understanding based on his conversations with his attorney, that understanding is not reflected anywhere in the record of the plea or sentencing and is obviously not part of any legal agreement with the court or the people.

Our Supreme Court recently decided the following question presented to it by the Ninth Circuit Court of Appeals in *Doe v. Harris* (2013) 57 Cal.4th 64 (*Doe*):[6]

> "'Under California law of contract interpretation as applicable to the interpretation of plea agreements, does the law in effect at the time of a plea agreement bind the parties or can the terms of a plea agreement be affected by changes in the law?'" (*Id.* at p. 66.)

In response, the *Doe* court clearly stated the "general rule in California" is that "requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by

---

[6] The Ninth Circuit Court of Appeals was considering a claim by *Doe* that his plea agreement would be violated by requiring him to comply with postconviction amendments to section 290 registration requirements. (*Doe, supra,* 57 Cal.4th at pp. 65, 68.) On May 9, 2013, Shoblom filed a motion to continue pending the decision in *Doe*, which we now deny as moot.

9.

changes in the law." (*Doe, supra,* 57 Cal.4th at pp. 73-74.) However, the *Doe* court also recognized that "the parties to a particular plea bargain might affirmatively agree or implicitly understand the consequences of a plea will remain fixed despite amendments to the relevant law. [Citations.] [¶] Whether such an understanding exists presents factual issues that generally require an analysis of the representations made and other circumstances specific to the individual case." (*Doe, supra,* at p. 71; see *People v. Smith* (2014) 227 Cal.App.4th 717, 727-731 [addressing whether the defendant was entitled to dismissal of a section 288, subdivision (c) conviction on the theory that section 1203.4 relief was an implicit term of his plea bargain].)

We therefore turn to the issue of whether the record shows the parties in this case "affirmatively agree[d]" or "implicitly underst[oo]d" Shoblom's obligation to register as a sex offender pursuant to section 290 was, as he argues, limited in duration. (*Doe, supra,* 57 Cal.4th at p. 71.) Constitutional due process requires that "'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" (*Arata, supra,* 151 Cal.App.4th at p. 786, quoting *Santobello v. New York* (1971) 404 U.S. 257, 262.) Furthermore, "due process requirements apply not only to the taking of a plea, but also to implementation of the bargain." (*Arata, supra,* at p. 786, citing *People v. Mancheno* (1982) 32 Cal.3d 855, 860 [specific performance of omitted term of plea bargain calling for diagnostic study].) "'It necessarily follows that violation of the bargain by an officer of the state raises a constitutional right to some remedy.' [Citation.] 'This does not mean that *any* deviation from the terms of the agreement is constitutionally impermissible.' [Citation.] Rather, the variance must be "'significant" in

the context of the plea bargain as a whole to violate the defendant's rights.' [Citations.]" (*Arata, supra,* at pp. 786-787.)[7]

As noted at the evidentiary hearing on the petition, and as outlined above, there is no indication in the record that the 1993 plea agreement included an express or implied promise of relief from sex offender registration. The trial court found Shoblom's claim to the contrary not credible. Shoblom was reminded at several court appearances - at his change of plea, at sentencing, and when his section 1203.4 motion was granted - that his sex offender registration requirement continued. If relief from registration had been a term of the plea bargain, Shoblom would have objected at one or more of these proceedings or made a record of his understanding of that term. This is particularly true for the section 1203.4 proceeding since, by that time in 1998, the law had already changed to exclude Shoblom's conviction from relief under section 4852.01.

Shoblom has failed to establish that the trial court's denial of his petition for certificate of rehabilitation and pardon was an abuse of discretion or patently absurd or exercised in an arbitrary or capricious manner.

## II. DOES THE EXCLUSION OF SECTION 288 OFFENSES FROM SECTION 4852.01 RELIEF VIOLATE PRINCIPLES OF EQUAL PROTECTION?

Shoblom next contends that, because his offense is treated differently from other sex offenses under section 4852.01, his equal protection rights have been violated. As argued by Shoblom:

---

[7]    In *Arata, supra,* 151 Cal.App.4th at page 787, the issue was whether section 1203.4 relief was a term of the plea agreement and whether "denial of section 1203.4 relief would be a 'significant' variation in the context of the entire plea bargain so as to violate a defendant's constitutional rights" (*id.* at p. 787), entitling the defendant to specific performance despite subsequent changes in the law that made the promise statutorily unauthorized. (*Id.* at pp. 786-788.) In *Arata*, the court found defendant's plea rested in significant degree on the promise of section 1203.4 relief. (*Id.* at p. 788; See also *Doe v. Brown* (2009) 177 Cal.App.4th 408, 414, fn. 7.)

"The eligibility criteria of sections 290.5 and 4852.01 result in the arbitrarily different treatment of similarly situated offenders because the courts may consider applications for certificates from some sex offenders but not others. Had the defendant been convicted of unlawful sexual intercourse with a victim the same age he would be eligible for a certificate of rehabilitation and would not face mandatory lifetime registration whereas [with] a conviction for a lewd and lascivious act with a minor the defendant is ineligible for a certificate of rehabilitation which is arbitrarily different treatment of similarly situated offenders."

*Applicable Law and Analysis*

"'The concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' [Citations.]" (*In re Gary W.* (1971) 5 Cal.3d 296, 303.) "In resolving equal protection issues, the United States Supreme Court has used three levels of analysis. Distinctions in statutes that involve suspect classifications or touch upon fundamental interests are subject to strict scrutiny, and can be sustained only if they are necessary to achieve a compelling state interest. Classifications based on gender are subject to an intermediate level of review. But most legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]" (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200 (*Hofsheier*).) Under the rational relationship test, "'"'a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge *if there is any reasonably conceivable state of facts that could provide a rational basis for the classification*. [Citations.]'"'" (*Id.* at pp. 1200-1201.)

"[T]he sex offender registration requirement 'is intended to promote the "'state interest in controlling crime and preventing recidivism in sex offenders.'" [Citation.] As this court consistently has reiterated: "The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar

offenses in the future.  [Citation.]"  [Citations.]'"  (*People v. Castellanos* (1999) 21 Cal.4th 785, 796.)

However, "'[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'  [Citations.]"  (*Hofsheier, supra,* 37 Cal.4th at p. 1199.)  "Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."'  [Citations.]"  (*Id.* at pp. 1199-1200.)  "If persons are not similarly situated for purposes of the law, an equal protection claim fails at the threshold."  (*People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155.)

*Hofsheier* addressed the issue of equal protection in the context of mandatory registration under section 290.  (*Hofsheier, supra,* 37 Cal.4th 1185)  In *Hofsheier*, the 22-year-old defendant was convicted of violating section 288a, subdivision (b)(1) (section 288a(b)(1)), for having engaged in voluntary[8] oral copulation with a 16-year-old girl. That statute applied to anyone participating in oral copulation with a person under 18.[9] As a result of that conviction, Hofsheier was ordered to register as a sex offender under section 290, the mandatory registration statute.  Our Supreme Court held this imposition of mandatory registration violated equal protection because there was no rational basis for distinguishing between Hofsheier's offense and the crime of voluntary sexual

---

[8]    The court explained that it used the term "voluntary" in a "special and restricted sense" to indicate that the minor victim willingly participated in the act and to the absence of various statutory aggravating circumstances, such as the use of force or violence, the threat of retaliation, or the commission if the act while the victim was intoxicated or unconscious.  (§ 288a, subds. (c)(2) & (3), (f), and (i); *Hofsheier, supra,* 37 Cal.4th at p. 1193, fn. 2.)

[9]    Section 288a(b)(1), states: "Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year."

13.

intercourse with a minor (§ 261.5, subd. (c)),**10** which does not require mandatory registration. (*Hofsheier, supra,* at pp. 1192-1193.)

*Hofsheier* pointed out that "[i]f defendant here, a 22-year-old man, had engaged in voluntary sexual intercourse with a 16-year-old girl, instead of oral copulation, he would have been guilty of violating section 261.5, subdivision (c), but he would not face mandatory sex offender registration." (*Hofsheier, supra,* 37 Cal.4th at p. 1195.) *Hofsheier* then held that defendants convicted of these two crimes were "similarly situated": "[S]ection 288a(b)(1) and section 261.5 both concern sexual conduct with minors. The only difference between the two offenses is the nature of the sexual act. Thus, persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors 'are sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' [Citation.]" (*Id.* at p. 1200.)

The *Hofsheier* court ultimately found there was no rational basis for concluding that "persons who are convicted of voluntary oral copulation with adolescents 16 to 17 years old, as opposed to those who are convicted of voluntary intercourse with adolescents in that same age group, constitute a class of 'particularly incorrigible offenders' [citation] who require lifetime surveillance as sex offenders." (*Hofsheier, supra,* 37 Cal.4th at pp. 1206-1207.) The court therefore held that mandatory sex offender registration for defendants convicted of voluntary oral copulation violated equal

---

**10** Section 261.5, subdivision (a), provides: "Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a 'minor' is a person under the age of 18 years and an 'adult' is a person who is at least 18 years of age." Subdivision (c) of section 261.5 provides: "Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment …."

14.

protection of the laws and remanded the matter to the appellate court to determine if the defendant was subject to the discretionary registration requirement, pursuant to former section 290, subdivision (a)(2)(E) (now § 290.006). (*Hofsheier, supra,* at p. 1209.)

Following *Hofsheier*, a number of appellate courts have extended its holding to include additional felony offenses involving voluntary sexual activity between adults and minors of various ages and age differences, finding that subjecting these offenses to mandatory registration under section 290 is a violation of equal protection. (See e.g. *People v. Thompson* (2009) 177 Cal.App.4th 1424, 1431 [First District, Division 1, comparing 36-year-old defendant's conviction of voluntary sodomy with 17-year-old under § 286, subd. (b)(1) to § 288a]; *People v. Luansing* (2009) 176 Cal.App.4th 676, 685, disapproved on another ground in *People v. Picklesimer* (2010) 48 Cal.4th 330, 338 [Second District, Division 2, comparing voluntary oral copulation by defendant more than 10 years older than minor with a person under age 16 by a person older than age 21, under § 288a, subd. (b)(2) to § 288a(b)(1)].)

In *People v. Ranscht* (2009) 173 Cal.App.4th 1369, 1375 (*Ranscht*) [Fourth District, Division 1], on which Shoblom relies, the then 17-year-old defendant and 12-year-old Emma entered into a "mutual romantic relationship" which became physical. When the defendant was 18, he twice digitally penetrated Emma's vagina. Six years later, at her parents' behest, Emma reported the incidents to the police. (*Ranscht, supra,* at p. 1371.) The defendant pleaded guilty to one count of sexually penetrating a minor in violation of section 289, subdivision (h) (section 289(h)).[11] He objected to mandatory section 290 registration requirements, arguing that the California Supreme Court's decision in *Hofsheier* vested the court with discretion to determine whether to require

---

[11] Section 289(h) provides: "Except as provided in Section 288, any person who participates in an act of sexual penetration with another person who is under 18 years of age shall be punished by imprisonment in the state prison or in the county jail for a period of not more than one year."

registration for a violation of section 289(h). The trial court, finding *Hofsheier* inapposite, declined to exercise its discretion and ordered the defendant to register as a sex offender. (*Ranscht, supra,* at p. 1372.)

*Ranscht* extended the holding in *Hofsheier* and held that mandating lifetime sex offender registration for an offender convicted of sexually penetrating a 13-year-old minor (§ 289(h)) violates equal protection because "a similarly situated offender convicted of unlawful sexual intercourse with a victim the same age [§ 261.5] would not face mandatory lifetime registration." (*Ranscht, supra,* 173 Cal.App.4th at p. 1371.) The order imposing mandatory registration under section 290 was reversed and the matter remanded to the trial court to exercise its discretion to determine whether to require the defendant to register under section 290.006. (*Ranscht, supra,* at p. 1375.)

Other appellate courts have declined to extend *Hofsheier's* holding to defendants convicted of various sexual offenses with minors, including defendants convicted of a lewd act on a minor 14 or 15 years of age by a person more than 10 years older, pursuant to section 288, subdivision (c)(1). (*People v. Cavallaro* (2009) 178 Cal.App.4th 103, 114-115 [Sixth District]; *People v. Anderson* (2008) 168 Cal.App.4th 135, 144 [Sixth District].) In finding no equal protection violation, the courts focused on the dissimilarity between two classes of offenders, distinguishing the offenses of which the defendants were convicted from *Hofsheier*-type offenses. In particular, they noted the following two distinctions: (1) the young age of the minor and/or age difference of more than 10 years between the defendant and the minor and (2) the specific intent requirement of the relevant statutes. (See, e.g., *People v. Cavallaro, supra,* at p. 114 [§ 288, subd. (c)(1), includes both a specific intent requirement: that defendant commit a lewd or lascivious act "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child" and an age requirement that defendant be at least 10 years older than the minor].)

In *People v. Singh* (2011) 198 Cal.App.4th 364, 366 (*Singh*), the defendant, like Shoblom, was convicted of a violation of section 288(a). He argued mandatory section 290 sex offender registration violated his right to equal protection because registration for certain other sex offenders is discretionary. The court in *Singh* disagreed, concluding that offenders convicted under section 288(a) were not similarly situated to persons convicted of offenses under section 261.5 (unlawful sexual intercourse with a minor), section 288a(b)(1) (oral copulation with a minor), and section 289(h) (sexual penetration of a minor). (*Singh, supra,* at pp. 369-371.)

The court in *Singh* found that the defendant had not met his threshold burden of showing "'"that the state had adopted a classification that affects two or more *similarly situated* groups in an unequal manner."'" [Citation.]" (*Singh, supra,* 198 Cal.App.4th at p. 371.) In doing so the court reasoned, unlike the sections on which the defendant relied, section 288(a) affords a specific protection to minors under the age of 14. In addition, section 288(a) is a specific intent offense whereas section 261.5, section 288a(b)(1), and section 289(h) involve general intent offenses. (*Singh, supra,* at pp. 366-367, 371.) "'"The higher mental state required for a conviction under section 288 is a distinction that is meaningful in deciding whether a person convicted under the statute is similarly situated with one convicted under section 261.5.'" [Citation.]" (*Id.* at p. 371.)

Shoblom fails to articulate which crime he is comparing his crime to in making his equal protection claim. His argument is that, had he "been convicted of unlawful sexual intercourse with a victim the same age he would be eligible for a certificate of rehabilitation and would not face mandatory lifetime registration," whereas his conviction for a lewd and lascivious act with a minor makes him ineligible for a such a certificate of rehabilitation. We assume by citing *Ranscht*, which extends the holding in *Hofsheier*, that Shoblom's reference to "unlawful sexual intercourse with a victim the same age," (*Ranscht, supra,* 173 Cal.App.4th at p. 1371) is a reference to section 261.5. The People assume Shoblom is comparing his offense to section 289(h), the offense for which the

defendant in *Ranscht* was convicted. Neither section 289(h), nor section 261.5 is excluded from relief under section 4852.01, in contrast to section 288, which is.

But neither comparison is helpful to Shoblom and his equal protection claims fails "at the threshold" (see *People v. Buffington, supra,* 74 Cal.App.4th at p. 1155) because Shoblom is not similarly situated to a person who violates either section 289(h) or section 261.5. Section 288(a) punishes lewd or lascivious acts by any person on the body of a child under 14 years of age done "with the intent of arousing, appealing to, or gratifying the lust, passions, or desires of that person or the child." Thus, a section 288 offense is a specific intent crime in which the victims are young children. (*People v. Tuck* (2012) 204 Cal.App.4th 724, 736.) On the other hand, section 289(h), makes it a crime for any person to "participate[] in an act of sexual penetration with another person who is under 18 years of age." Thus, a section 289(h) offense is a general intent crime that includes teenagers as victims. (*Singh, supra,* 198 Cal.App.4th at p. 367.) Similarly, a section 261.5 offense does not require the victim to be under the age of 14 and concerns the general intent offense of committing unlawful sexual intercourse. (*People v. Alvarado* (2010) 187 Cal.App.4th 72, 79.) The more culpable mental state required by section 288 is a meaningful distinction demonstrating that defendants convicted of violating section 288 are not similarly situated to a defendant convicted of section 289(h) or section 261.5.

Because Shoblom is not similarly situated to a person who violates section 289(h) or section 261.5, the *Hofsheier* decision does not help him. Because Shoblom does not even attempt to delineate any other category that would qualify as similarly situated, he has failed to demonstrate that statutorily barring him from relief under section 4852.01 violates equal protection.[12]

---

[12]     Shoblom asks that we take judicial notice of the recent Fourth District, Division Three case of *People v. Tirey* (2014) 225 Cal.App.4th 1150 (request for judicial notice filed July 24, 2014). We deny the request because review was granted in that case by our Supreme Court on August 20, 2014.

III. DOES THE STATE COURT LACK SUBJECT MATTER JURISDICTION OVER SHOBLOM'S OFFENSE?

Shoblom's final argument is as follows:

"The conduct [for which he pled nolo contendere] took place on a military base under exclusive jurisdiction of the federal government. The conduct was investigated by the federal government and California lacked subject matter jurisdiction over the conduct taking place on the military base. The defendant agreed to plea[d] no contest and be punished by California as part of the plea agreement because California provided future relief [from the duty to register under section 290]. If the future relief is taken away, the defendant withdraws consent to jurisdiction and the charge against him should be vacated for lack of subject matter jurisdiction."

Because we have found, in part I, above, that relief from section 290 registration was not a part of the plea agreement and that the plea agreement was honored, Shoblom's argument is moot and we need not address it further.[13]

**DISPOSITION**

The order is affirmed.

_____
Franson, J.

WE CONCUR:

_____
Poochigian, Acting P.J.

_____
Chittick, J.[*]

---

**13**    Appellant's request for judicial notice filed on May 9, 2013, is denied as irrelevant.

*    Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.