Filed 5/13/16  P. v. Cano CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064321 |
| v. | (Super.Ct.No. FSB1404830) |
| CHRISTOPHER ROBERT CANO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

1

On November 4, 2014, the voters approved Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47). Proposition 47 reduced certain nonserious, nonviolent felonies to misdemeanors. Proposition 47 allows a person convicted of a felony prior to its passage, who would have been guilty of a misdemeanor under Proposition 47, to petition the court to reduce his or her felony to a misdemeanor and be resentenced.

On October 23, 2014, prior to the passage of Proposition 47, defendant entered a guilty plea to a felony violation of receiving stolen property, specifically a motor vehicle (Pen. Code, § 496d, subd. (a)),[1] and admitted to having suffered a prior conviction of violating Vehicle Code section 10851. Defendant filed a petition to recall his sentence (Petition) stating that his felony conviction should be reduced to a misdemeanor. The trial court denied the petition on the grounds that his conviction was not eligible for resentencing under Proposition 47.

Defendant now claims on appeal that the trial court erred by finding that a violation of section 496d does not qualify for resentencing under Proposition 47 because (1) Proposition 47 redefines all theft-related offenses with the value of the property under $950 as misdemeanors; and (2) if this court finds that section 496d was not affected by Proposition 47, the omission from Proposition 47 violated his equal protection rights.

We affirm the denial of the Petition.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

## FACTUAL AND PROCEDURAL HISTORY

On October 15, 2014, a felony complaint was filed against defendant in San Bernardino County case No. FSB1404830, charging him in count 1 with receiving stolen property, motor vehicle, within the meaning of Penal Code section 496d, subdivision (a). Specifically, he was charged with unlawfully buying or receiving a 1993 Honda Accord. Defendant was charged in count 2 with the unlawful driving or taking of a vehicle (the same Honda Accord) in violation of Vehicle Code section 10851, subdivision (a). It was further alleged as to both counts pursuant to Penal Code section 666.5 that he had previously been convicted of a violation of Vehicle Code section 10851.[2]

On October 23, 2014, defendant signed a plea agreement in which he agreed to enter a plea of guilty to one count of "receiving stolen property—motor vehicle" within the meaning of section 496d, subdivision (a). He also agreed to admit the prior conviction within the meaning of section 666.5. Defendant thereafter admitted to committing these offenses in open court on October 23, 2014. Count 2 was dismissed. Defendant was sentenced to the midterm of three years.

On July 6, 2015, defendant filed his Petition. It consisted of one page. The sole information on his conviction that was provided in the Petition was as follows: "Defendant in the above-entitled case requests that, pursuant to Penal Code section

---

[2] According to the police report provided to this court, on October 12, 2014, defendant was found in possession of a 1993 Honda Accord, which had been reported stolen.

1170.18, the following felony violation(s) PC496d(a) be designated as misdemeanor(s)"
He stated that he was currently in custody.

On July 17, 2015, the trial court heard the petition. At the hearing, defendant's counsel stated, "Your Honor, just on that, I just wanted to briefly make an objection and note that in the Kelly Blue Book the value of the 1993 Honda with 300,000 miles is $768." The trial court ruled, "But I think that due to the nature of the charges, 496(d), he would be statutorily ineligible."

## DISCUSSION

Defendant contends that the trial court erred in denying his petition because the voters intended to include section 496d under Proposition 47. Defendant also contends that if this court concludes section 496d was not intended to be included in Proposition 47, his equal protection rights have been violated.[3]

A.    PROPOSITION 47

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day." (*People v. Diaz.* (2015) 238 Cal.App.4th 1323, 1328.) "[P]roposition 47 'was intended to reduce penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors."'" (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.)

---

[3] These issues are currently under review in the California Supreme Court in *People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted January 20, 2016, S231405 and *People v. Garness* (2015) 241 Cal.App.4th 1370, review granted January 27, 2016, S231031.

4

Proposition 47 added Penal Code section 1170.18. Subdivision (a) of Penal Code section 1170.18, provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Sections 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Under Penal Code section 1170.18, subdivision (b) the trial court first determines whether the petition has presented a prima facie case for relief under Penal Code section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (Pen. Code, § 1170.18, subd. (b).)

Proposition 47 amended section 496, buying or receiving stolen property, to provide that if the defendant receives "any property" that is $950 or less, the offense shall be a misdemeanor except for some ineligible individuals. (§ 496, subd. (a).) The previous version of section 496 gave the prosecution discretion to charge the offense as a misdemeanor if the value of the property did not exceed $950 and the district attorney or grand jury determined that so charging would be in the interests of justice. (Former § 496 [eff. Oct. 1, 2011–Nov. 4, 2014].) Accordingly, Proposition 47 converted the offense of receiving stolen property in section 496 from a wobbler to a misdemeanor.

5

Proposition 47 did not amend section 496d, the section under which defendant was convicted. Section 496d provides "Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing . . ." shall be convicted of either a misdemeanor or felony.

B.    ELIGIBILITY

As stated, section 496d is not listed in Proposition 47.[4]  In order to be eligible for resentencing, defendant had the burden of showing that he "would have been guilty of a misdemeanor" if Proposition 47 had been in effect at the time of his offense.  (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 [defendant has the burden of establishing his or her eligibility for resentencing under Proposition 47].)  "When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed

---

[4] The trial court did not appear to consider that defendant had pleaded guilty to the enhancement under section 666.5, which required defendant to be imprisoned for two, three or four years. Since the trial court did not consider the section 666.5 enhancement, and only determined that defendant's conviction pursuant to section 496d made him ineligible under Proposition 47, we will not address whether section 666.5 made him ineligible under Proposition 47. However, we will consider it in addressing his equal protection claim, *post*.

6

intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

Defendant stated in his petition only that he had been convicted of "PC 496d(a)." The trial court determined that defendant was not eligible for resentencing. The trial court did not err because section 496d is not included in section 1170.18. Moreover, there is no indication that the drafters of Proposition 47 intended to include section 496d.

Defendant contends that "[i]t would be absurd for a violation for receiving stolen property, valued at less than $950, in violation of section 496, to be eligible for reduction to a misdemeanor when the essentially same offense of receiving stolen property—a vehicle, worth less than $950, is not eligible for reduction." However, as stated, before Proposition 47's passage, section 496 provided that a prosecutor had the discretion to charge a defendant who had received stolen property as a misdemeanor if the property stolen was valued less than $950. (Former § 496 [effective Oct. 1, 2011–Nov. 4, 2014].) The only change to section 496 relevant here is that now a defendant must be charged with a misdemeanor if the value of the property is under $950. Section 496d has remained the same since October 1, 2011. (Stats. 2011, c. 15 (A.B. 109), § 374.) Proposition 47 did not alter the prosecution's discretion to charge receiving a stolen vehicle under the more general statute (§ 496) or the more specific statute (§ 496d). Section 1170.18 applies only to those people who "would have" been guilty of a misdemeanor prior to the passage of Proposition 47. Here, the prosecution would likely

have charged defendant with the same felony violation of section 496d because exactly the same sentencing considerations applied to defendant's offense before and after Proposition 47.

Moreover, defendant's reliance on the changes made by Proposition 47 to the crimes of grand theft and petty theft do not support that the drafters of Proposition 47 intended to include section 496d. Section 490.2, which was added by Proposition 47, provides a definition of petty theft that affects the definition of grand theft in section 487 and other provisions. Section 490.2 begins with the phrase: "Notwithstanding Section 487 or any other provision of law defining grand theft . . . ." (§ 490.2) Similarly, section 459.5, which was also added by Proposition 47, and which provides a definition of shoplifting that affects the definition of burglary in section 459, begins with the phrase: "Notwithstanding Section 459. . . ." (§ 459.5.) The drafters of Proposition 47 knew how to indicate when they intended to affect the punishment for an offense the proposition was not directly amending. This "notwithstanding" language is conspicuously absent from section 496, subdivision (a). Because that provision contains no reference to section 496d, we must assume the drafters intended section 496d to remain intact and intended for the prosecution to retain its discretion to charge section 496d offenses as felonies. The trial court did not err by concluding defendant was ineligible for resentencing based on his conviction of section 496d.

8

## C.     EQUAL PROTECTION

Defendant contends that if his conviction of a felony for stealing a vehicle valued at less than $950[5] does not qualify under Proposition 47, his equal protection rights were violated because he is similarly situated to a person who is convicted of receiving property under section 496—a misdemeanor.  Specifically, he argues, "It is irrational to grant misdemeanor treatment to those convicted under section 496 and to deny misdemeanor treatment to those convicted under section 496d."

"'The United States and California Constitutions entitle all persons to equal protection of the laws.  [Citations.]  This guarantee means "that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances."  [Citation.]  A litigant challenging a statute on equal protection grounds bears the threshold burden of showing "that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner."  [Citation.]  Even if the challenger can show that the classification differently affects *similarly situated* groups, "[i]n ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest," the classification is upheld unless it bears no rational relationship to a legitimate state purpose.'"  (*People v. Singh* (2011) 198 Cal.App.4th 364, 369.)

"In resolving equal protection issues, the United States Supreme Court has used three levels of analysis.  Distinctions in statutes that involve suspect classifications or

_____

[5] We will assume for sake of this argument that defendant met his burden of establishing that the Honda Accord was valued at less than $950.

9

touch upon fundamental interests are subject to strict scrutiny, and can be sustained only if they are necessary to achieve a compelling state interest. Classifications based on gender are subject to an intermediate level of review. But most legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose." (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200, overruled on other grounds in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871.)

The analysis here is subject to the rational relationship test. (See *People v. Noyan* (2014) 232 Cal.App.4th 657, 667-668 [applying the rational basis test in assessing section 1170, subdivision (h), the Realignment Legislation].)

Initially, defendant cannot show he is similarly situated to a person who steals property other than a motor vehicle. An owner of a vehicle relies on his or her vehicle for transportation to work, doctor's appointments, and numerous other necessities of life. Moreover, even if a vehicle that is stolen only is valued at less than $950, the replacement cost can be much more. In order to address the uniqueness of receiving stolen vehicles, the Legislature enacted section 496d. The bill's author proposed that section 496d be added "to the Penal Code to encompass only motor vehicles related to the receiving of stolen property." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997–1998 Reg. Sess.) as amended June 23, 1998.) Section 496d was described as "'provid[ing] additional tools to law enforcement for utilization in combating vehicle theft and prosecuting vehicle thieves. Incarcerating vehicle thieves provides safer streets and saves Californians millions of dollars. These proposals target persons involved in the business of vehicle theft and would identify persons having prior

felony convictions for the receiving of stolen vehicles for enhanced sentences.'" (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998.)

Those punished under section 496d are not situated similarly to those punished under section 496. Moreover, the drafters of Proposition 47 could legitimately determine that those who engage in vehicle theft should be punished more severely than those engaged in theft of other property. Section 496d addresses the unique problems involving vehicle theft. There are legitimate and plausible reasons for treating vehicle crimes different from other types of property crime.

Defendant also contends, "[i]t seems implausible that the voters, who expressly reduced the punishment for stealing a low-value car to a misdemeanor [Pen. Code, §§ 487, subds. (a), (d)(1), 490.2], meant to leave the crime of receiving the same stolen car—a felony." However, for equal protection analysis, defendant has failed to show that he was similarly situated to a person who was convicted of vehicle theft because he suffered a prior conviction of violating Vehicle Code section 10851 and plead guilty to a violation of Penal Code section 666.5. Defendant failed to acknowledge in his brief that he also entered a plea to the Penal Code section 666.5 enhancement. Penal Code section 666.5, subdivision (a) provides: "Every person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code [theft and unlawful driving or taking of a vehicle], or felony grand theft involving an automobile in violation of subdivision (d) of Section 487 [of the Penal Code] . . . , or a felony violation of [Penal Code s]ection 496d regardless of whether or not the person actually served a prior prison

11

term for those offenses, is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 [of the Penal Code] for two, three, or four years . . . ."  Penal Code section 666.5 increases the base term for recidivists, and "[t]he Legislature's obvious purpose in enacting Penal Code section 666.5 was to increase the punishment for repeat offenders."  (*People v. Carter* (1996) 48 Cal.App.4th 1536, 1540.)

Defendant has provided no argument in this appeal that section 666.5 was affected by Proposition 47.  In fact, he completely ignores that he entered a guilty plea to a violation of section 666.5.  He cannot show that he is similarly situated to a person convicted only of vehicle theft and subject to a misdemeanor sentence because of his conviction of violating section 666.5.  We will not make the argument for him, that he is similarly situated to those who have not been convicted of the enhancement under section 666.5, or who are eligible to be convicted under section 666.5.  As such, he cannot show that his equal protection rights have been violated by the exclusion of section 496d from Proposition 47 and differing treatment of those convicted of vehicle theft.[6]

Based on the foregoing, defendant has failed to show that the exclusion of section 496d from Proposition 47 violated his equal protection rights.

---

[6] We express no opinion as to whether a defendant convicted only of violating section 496d could show his equal protection rights have been violated based on the fact that the same person who *steals* a vehicle valued at less than $950 would only be subject to a misdemeanor conviction.

12

## DISPOSITION

The trial court's order denying defendant's petition to recall his sentence is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.