Filed 12/23/15

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E062867 |
| v. | (Super.Ct.No. FSB1402290) |
| GABRIEL GOMEZ, JR., | OPINION |
|     Defendant and Appellant. | |


APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Sheila A. Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Christen E. Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

On November 4, 2014, California voters approved Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47); it went into effect the following day. Proposition 47 reduced certain nonserious, nonviolent felonies to misdemeanors. It added and amended sections of the Penal Code. Penal Code section 1170.18 was added and provides that a person currently serving a sentence for a felony conviction, whether by trial or plea, who would have been guilty only of a misdemeanor had Proposition 47 been in effect at the time the plea was entered, or at the time of trial, may petition for a recall of the sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing.

Prior to the passage of Proposition 47, defendant entered a guilty plea to a felony violation of Vehicle Code section 10851 for unlawfully driving and taking a 2002 Chevy Suburban. Defendant filed a petition to recall his sentence (Petition) arguing that his conviction for violating Vehicle Code section 10851 should be reduced to a misdemeanor violation of petty theft under Penal Code section 490.2. The trial court denied the petition on the ground that all Vehicle Code section 10851 convictions are not eligible for resentencing under Proposition 47.

Defendant now claims on appeal as follows: (1) Penal Code section 1170.18 should be broadly interpreted to include violations of Vehicle Code section 10851; (2) the trial court should have provided the parties an opportunity to litigate the value of the loss to the victim prior to ruling on his Petition to determine if the offense committed was petty theft (loss to the victim was less than $950) within the meaning of Penal Code section 490.2; (3) the People had the burden of proving at the hearing on the Petition that

the value of the vehicle taken exceeded $950; (4) the valuation of the loss for a temporary taking of an automobile should be that amount of compensation to make the victim whole, not the market value of the automobile; and (5) equal protection requires that offenses under Vehicle Code section 10851 be treated like violations of Penal Code section 487, subdivision (d)(1), and be reduced to misdemeanors. We affirm the denial of the Petition.

## FACTUAL AND PROCEDURAL HISTORY

On July 8, 2014, a felony complaint was filed against defendant in San Bernardino County case No. FSB1402290, charging him with the unlawful driving or taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a). Specifically, he was charged with taking a 2002 Chevy Suburban from Rotolo Chevrolet without the consent of and with the intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle. It was also alleged that he had served three prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

On July 9, 2014, defendant entered a plea of guilty to one count of violating Vehicle Code section 10851.[1] He agreed to a midterm sentence of two years. The sentence was to run concurrent to the sentence in another case, No. FSB1205624, in

---

[1] As part of defendant's plea agreement, he agreed to waive his right to appeal as follows: "I waive and give up any right to appeal from any motion I may have brought or could bring and from the conviction and judgment in my case since I am getting the benefit of my plea bargain." While normally this court would conclude defendant has no right to appeal to this court contesting his sentence, since Proposition 47 was passed after he entered into the plea agreement, we cannot conclude he knowingly and intelligently waived his right to file the Petition. (*People v Saunders* (1993) 5 Cal.4th 580, 590, fn. 6 [waiver is the " ' "intentional relinquishment or abandonment of a known right" ' "].)

which defendant also entered a guilty plea to a violation of Health and Safety Code section 11370.1, possession of a controlled substance while armed with a firearm.

On July 9, 2014, defendant was sentenced pursuant to the plea agreement to two years, and the trial court recommended that his sentence be served at a fire camp. The prior prison term allegations were struck by the People. This sentence was ordered to run concurrent to the four-year sentence in case No. FSB1205624.

On November 19, 2014, defendant filed his Petition. His Petition sought to have both his conviction of violating Health and Safety Code section 11370.1, subdivision (a), and his conviction of violating Vehicle Code section 10851, reduced to misdemeanors pursuant to Proposition 47. He stated that both offenses qualified as misdemeanors, but provided none of the facts pertaining to the underlying offenses. Defendant claimed, "Gabriel Gomez Jr. was charged with theft of property under $950. Gabriel Gomez Jr.'s grand theft charge became a felony because of defendant's criminal history (specifically the strike prior). As such, Gabriel Gomez Jr.'s VC § 10851 (a) qualifies for the new provisions created by Prop. 47 for the reduction of his felony charges to a misdemeanor." He also alleged that he had exhibited exemplary behavior while in custody.

On December 12, 2014, defendant's Petition was called for a hearing along with several other cases involving petitions filed pursuant to Penal Code section 1170.18. Defendant was represented by a deputy public defender. The trial court noted it had read all of the petitions. The trial court ruled as to several cases, including defendant's case, without hearing any argument, as follows: "Then in the following cases, the defendant's convicted charge does not qualify for relief under Prop. 47 or Penal Code Section

4

1170.18, so the petition to reduce the conviction to a misdemeanor and petition for resentencing is denied as to each of the following cases—the previously imposed sentences remain in effect.  [¶] . . . [¶]  . . . Numbers 86 and 87, Gabriel Gomez."

## DISCUSSION

A.      <u>RESENTENCING PURSUANT TO PENAL CODE SECTION 1170.18</u>

Defendant claims that Penal Code section 1170.18 should be interpreted to include Vehicle Code section 10851 as a felony that can be reduced to a misdemeanor violation of Penal Code section 490.2.  He also insists that the trial court should have held a hearing on the value of the vehicle he stole, and at that hearing, it was the People's burden to prove that the value of the vehicle he stole was greater than $950.  Specifically, defendant claims that although Vehicle Code section 10851[2] is not mentioned in Penal Code section 1170.18, Penal Code section 490.2 redefines all thefts as being misdemeanors if the value of the item taken is less than $950 regardless of the type of property.  We affirm the denial of defendant's Petition because he failed to meet his

---

[2] Vehicle Code section 10851 provides, "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment."  This section "proscribes a wide range of conduct' " and may be violated " 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e. joyriding).' " (*People v. Garza* (2005) 35 Cal.4th 866, 876.)

5

burden of alleging facts that he was eligible for resentencing under Penal Code section 490.2.

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day." (*People v. Diaz.* (2105) 238 Cal.App.4th 1323, 1328.) "Proposition 47 'was intended to reduce penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors." ' " (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.) " 'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' " (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Proposition 47 added Penal Code section 1170.18 to the Penal Code. Subdivision (a) of Penal Code section 1170.18, provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request

6

resencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Under Penal Code section 1170.18, subdivision (b), the trial court first determines whether the petition has presented a prima facie case for relief under Penal Code section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (Pen. Code, § 1170.18, subd. (b).)

Penal Code section 490.2 was *added* to the Penal Code. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Penal Code section 490.2 provides in pertinent part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Penal Code section 487, subdivision (a), provides that if the value of the money, labor, real or personal property taken exceeds $950, the offense is a felony. Penal Code section 487, subdivision (d)(1), provides that grand theft occurs if the property is an automobile, regardless of the value.

Penal Code section 1170.18 clearly states that a defendant must show that he was convicted of a felony but would have been convicted of a misdemeanor if Proposition 47 had been in effect at the time of the offense. For an offense under Penal Code section 490.2, which was added to the Penal Code, defendant had to allege facts that he would have been guilty of a misdemeanor violation of Penal Code section 490.2 rather than the

7

felony conviction. Here, defendant failed to allege any facts to support that he was eligible for resentencing, i.e. that he took the 2002 Chevy Suburban, which was valued under $950.

The conclusion that it was defendant's burden to allege facts supporting he was only guilty of a misdemeanor, is supported by the analysis of the Legislative Analyst for Proposition 47. The following analysis was made: "Under current law, theft of property worth $950 or less is often charged as petty theft, which is a misdemeanor or an infraction. However, such crimes can sometimes be charged as grand theft, which is generally a wobbler. For example, a wobbler charge can occur if the crime involves the theft of certain property (*such as cars*) or if the offender has previously committed certain theft-related crimes. This measure would limit when theft of property of $950 or less can be charged as grand theft. Specifically, *such crimes would no longer be charged as grand theft solely because of the type of property involved* or because the defendant had previously committed certain theft-related crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), p. 35, italics added.)

It is true that Vehicle Code section 10851 is not listed in Penal Code section 1170.18. However, Vehicle Code section 10851 can be violated by the taking of a vehicle with the intent to permanently deprive the owner of the vehicle. Assuming that a defendant takes a vehicle valued under $950, such violation should constitute a violation of Penal Code section 490.2. The trial court here erred by finding that all violations of Vehicle Code section 10851 are not entitled to resentencing under Penal Code section 1170.18.

8

However, despite this error by the trial court, defendant is not entitled to relief. Defendant had the initial burden of proving that he would have been charged and found guilty of only a violation of Penal Code section 490.2 because the value of the vehicle he took was less than $950. He failed to meet this burden. The record of conviction does not establish this fact as he entered a guilty plea and waived his right to a probation referral. Additionally, defendant never stated in the Petition that the Chevy Suburban was valued at less than $950. He stated he was subject to a "grand theft" conviction because of his prior convictions. Defendant never alleged facts sufficient for the trial court to determine that he should have been convicted of a misdemeanor violation of Penal Code section 490.2. The Petition was properly denied because defendant failed to establish that he was eligible for resentencing pursuant to Penal Code section 1170.18, subdivision (a). (See *Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1163, fn. 3 ["A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting"].)

We are aware of the recent case of *People v. Page* (2015) 241 Cal.App.4th 714 (Fourth Dist., Div. Two), filed by our colleagues in this court. In that case, the court determined that "Proposition 47 left intact the language of Vehicle Code section 10851, subdivision (a), which makes a violation of that statute punishable as either a felony or a misdemeanor. Based on the statutory language alone, therefore, whether before or after Proposition 47, defendant could be convicted for a felony violation of Vehicle Code section 10851." (*Id*. at p. 718.) It further rejected the defendant's argument that the language of Penal Code section 490.2, which provides "notwithstanding Penal Code

9

section 487 or any other provision of law defining grand theft," applied to Vehicle Code section 10851, finding "Vehicle Code section 10851 does not proscribe theft of either the grand or petty variety, but rather the taking or driving of vehicle 'with or without the intent to steal.' " (*Page*, at p. 719.)

However, this ignores the language in section 490.2 that a person "shall" be convicted of a misdemeanor if the value of the property taken is less than $950. If a defendant takes a vehicle with a value under $950, he must be charged under Penal Code section 490.2. As such, we disagree with *Page*'s conclusion that a defendant could be charged with a Vehicle Code section 10851 violation under these circumstances. Hence a defendant who properly pleads in his Penal Code section 1170.18 petition that he took a vehicle valued at less than $950 could argue that he should have been convicted under Penal Code section 490.2. However, as stated, defendant here failed to meet his burden of presenting a proper petition.

Defendant claims he was entitled to a hearing on the value of the 2002 Chevy Suburban and that the People had the burden of proving the automobile was valued over $950. We disagree.

In the recent case of *People v. Sherow* (2015) 239 Cal.App.4th 875, the defendant filed a petition to recall his sentence under Proposition 47. The defendant sought to reduce two of his felony convictions of second degree burglary to misdemeanor violations of Penal Code section 459.5, shoplifting, because he insisted the items taken were valued less than $950. (*Sherow*, at p. 877.) The court concluded that defendant had the initial burden in his petition to show he was eligible for resentencing under Penal

10

Code section 1170.18, subdivision (a). It referred to background information prepared by "Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow" on Proposition 47, which provided, " 'The petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18(a): i.e., whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under sections 459.5, 473, 476a, 490.2, or 496, the petitioner will have the additional burden of proving the value of the property did not exceed $950.' " (*Sherow*, at p. 879.) The *Sherow* court concluded that the defendant's petition was properly denied because it contained no facts or explanation how the value of the items taken were less than $950. (*Id*. at p. 877; see also *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7 [found a defendant was not entitled to development of facts or hearing if the trial court determined he was ineligible on the face of a Penal Code section 1170.126 petition for resentencing].)

Similarly here, defendant made no attempt in the Petition to allege that the value of the 2002 Chevy Suburban was less than $950. Since he did not allege any facts that the Chevy Suburban was less than $950, he did not allege facts making him eligible under Penal Code section 1170.18. As such, as opposed to defendant's argument that he was entitled to an opportunity to litigate the issue of the value of the automobile, he failed to make a threshold showing that he qualified under Penal Code section 1170.18. Further, the burden was not on the People to prove the value of the automobile; defendant carried the burden of alleging facts in the Petition that the value was less than $950.

11

Further, since defendant waived the probation referral and requested immediate sentencing, there is no record of the facts pertaining to the taking or driving of the Chevy Suburban from which the trial court could conclude the value was less than $950. Defendant cannot argue for the first time on appeal that the 2002 Chevy Suburban may have been in "extremely poor condition" and was worth far less than $950.

Based on the foregoing, defendant was not entitled to resentencing under Penal Code section 1170.18 because he did not meet his burden of showing his offense constituted a petty theft pursuant to Penal Code section 490.2.

## B. VALUE OF THE VEHICLE

Defendant argues for the first time on appeal that the valuation of the vehicle for purposes of Vehicle Code section 10851 should be based on the amount that it takes to make the victim whole and not the value of the car. "As a general rule, only 'claims properly raised and presented by the parties are reviewable on appeal.' " (*People v. Smith* (2001) 24 Cal.4th 849, 852.)

Here, defendant speculates that his conviction of Health and Safety Code section 10851 could have been for only a temporary taking, and if the victim received the vehicle back in the same condition before the taking, loss to the victim would not be the fair market value of the vehicle. Defendant entered a guilty plea. He never challenged the validity of the plea. Moreover, there were no facts in the record of conviction or in the Petition from which the trial court could have determined that his conviction was based on a temporary taking and there was no loss to the victim. Additionally, defendant has provided no case or other authority to support his claim. We will not address this issue

12

raised for the first time on appeal; even if we were to consider the issue, defendant failed to allege facts in the Petition to support his argument.

      C.      <u>EQUAL PROTECTION</u>

Finally, defendant argues that assuming the Proposition 47 voters intended to only reduce vehicle thefts under Penal Code section 487, subdivision (d)(1), to misdemeanors under Penal Code section 490.2, while leaving Vehicle Code section 10851 violations as felonies, such discrimination is impermissible under the Equal Protection Clause of the United States Constitution and the California Constitution.

" 'The United States and California Constitutions entitle all persons to equal protection of the laws.  [Citations.]  This guarantee means "that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances."  [Citation.]  A litigant challenging a statute on equal protection grounds bears the threshold burden of showing "that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner."  [Citation.]  Even if the challenger can show that the classification differently affects similarly situated groups, "[i]n ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest," the classification is upheld unless it bears no rational relationship to a legitimate state purpose.' " (*People v. Singh* (2011) 198 Cal.App.4th 364, 369; see also *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199.)

13

We have not concluded in this case that a person who is convicted pursuant to Vehicle Code section 10851 is not eligible for resentencing under Penal Code section 1170.18, but a person who is convicted of violating Penal Code section 487, subdivision (d)(1), would be eligible for resentencing. Rather, we have concluded that defendant was required to show that he would have been eligible to be convicted of the misdemeanor violation of Penal Code section 490.2 had it been effect at the time he committed his offense. It is conceivable that a person who has been convicted of a violation of Vehicle Code section 10851, and files an adequate petition alleging the value of the vehicle taken was less than $950, and therefore would have been guilty only of a violation of Penal Code section 490.2 at the time of the offense, could be eligible for resentencing both based on the language in the statute and the Legal Analyst's comments to Proposition 47. However, we need not decide this issue because we have found that he failed to meet his initial burden that he was eligible for resentencing, and we have not held that persons convicted pursuant to Vehicle Code section 10851 are not eligible for resentencing pursuant to Penal Code section 1170.18. As such, we need not reach his equal protection claim as it is not properly before this court.

## DISPOSITION

The trial court's order denying defendant's petition to recall his sentence is affirmed. Nothing in this decision or in Penal Code section 1170.18 forecloses defendant's ability to file a new petition alleging sufficient facts to support his claim that his conviction was a violation of Penal Code section 490.2.

CERTIFIED FOR PUBLICATION

MILLER
                                                                    J.

We concur:

RAMIREZ
          P. J.

CODRINGTON
          J.